*E-FILED 12/21/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH PADGETT AND DARLA PADGETT,<br><br>　　　　Plaintiffs,<br>　v.<br><br>CITY OF MONTE SERENO, ET AL.,<br><br>　　　　Defendants. | NO. 5:04-cv-3946 JW (RS)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

## I. INTRODUCTION

Plaintiffs Joseph and Darla Padgett ("Padgetts"), former residents of defendant the City of Monte Sereno ("City"), move for a protective order to prevent the City and other individual City officials[1] from compelling Bank of America to produce all employment records concerning Darla Padgett. The Padgetts contend that the subpoenaed records are irrelevant, immaterial, and protected by privacy rights, and request that they be permitted to produce more limited materials which focus on the damages issues presented in this case, such as the wage and earnings statements regarding Darla Padgett. The motion was fully briefed and heard by the Court on shortened time on December 21, 2005. Based on all papers filed to date, as well as on the oral argument of counsel, the Court denies the motion for a protective order. The

---

[1] The current and former City officials named as defendants are: Brian Loventhal ("Loventhal"), Erin Garner ("Garner"), A. Curtis Wright ("Wright"), Mark Brodsky ("Brodsky"), Barbara Nesbet ("Nesbet"), and David Baxter ("Baxter").

records sought by the City are relevant and material to the emotional distress and damages claims made by Darla Padgett and cannot be obtained through any other reasonable means, thereby outweighing the privacy interest which might otherwise apply to such materials.

## II.  BACKGROUND

The Padgetts initiated this suit claiming, among other things, violations of their civil rights pursuant to 42 U.S.C. § 1983.  The present motion addresses the Bank of America employment records of Darla Padgett, who alleges she was forced to relocate from California to Washington as a result of defendants' actions.  Mrs. Padgett is claiming "compensatory damages related to her employment from being forced to move and having to start her career over in a new region after working 19 years in the California region." See Declaration of Todd Master, Exh. B. The complaint also alleges separate claims for relief based on both negligent and intentional infliction of emotional distress. See Complaint at pp. 20-23.  Based on these claims, defendants subpoenaed Darla Padgett's employment records from January 2002 to the present, including her personnel and payroll records. See Declaration of Michael Reedy, Exh. A, Attachment 3.

While the Padgetts concede that certain limited information pertaining to Mrs. Padgett's long-term employment with Bank of America may be relevant to her damages claims, they argue that the present subpoena seeks irrelevant information, is overbroad, violates Mrs. Padgett's right of privacy, and constitutes civil harassment.  Instead, they offer to provide the City with copies of Darla Padgett's wage and earnings statements, IRS Form W-2's, and a declaration from her Bank of America supervisor indicating the reasons stated by Mrs. Padgett to the Bank for the relocation that she requested.  Based on this offer to compromise, the Padgetts contend that the subpoena should be quashed and a protective order issued to relieve Bank of America of the obligation to respond to defendants' subpoena.

## III.  STANDARDS

Entry of a protective order is warranted where the moving party establishes "good cause" for an order and justice so requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.  Fed. R. Civ. Pro. 26(c).  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  Phillips v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "Broad allegations of harm,

1 unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." <u>Beckman</u>
2 <u>Industries, Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir. 1992).

## IV.  DISCUSSION

### A.  General Objections

As noted above, the Padgetts argue that the subpoena issued by defendants to the Bank of America seeks irrelevant information, is overbroad, and constitutes civil harassment. The materials requested by defendants consist of Mrs. Padgett's personnel and payroll records, including her application, resume, performance evaluations, records of disciplinary actions, disability claims, workers compensation claims, and any medical records which pertain to her employment, from January 2002 to the present. Based on her allegations in this action, namely, that Mrs. Padgett was forced to relocate from California to Washington and "start her career over in a new region after working for 19 years in the California region," defendants argue that the requested information is directly related to her damages claim, or is likely to lead to the discovery of admissible evidence, as required by Fed. R. Civ. Pro. 26.

The Padgetts contend that, while certain records may be pertinent to their damages claims in this case, not all subpoenaed materials are so related. Among others, they question the relevancy of Mrs. Padgett's application and resume to the claims at issue. Those materials, however, could contain information, by way of example, pertaining to Mrs. Padgett's job skills, abilities, and experiences which suggest a reason why her employer placed her in a particular office or location. Similarly, as defendants note, Mrs. Padgett's performance evaluations may shed light on how her compensation was determined, as well as reflect reasons for any wage increases or decreases; actions by the Bank which may or may not be related to defendants' conduct.

In addition, the subpoena is limited in time and covers only a three year period, despite plaintiffs' admission that Mrs. Padgett worked for the Bank of America for 19 years. As a result, the subpoena appears narrow in scope and requests only those records which could potentially reflect information directed related to this action. Defendants' request, therefore, does not appear to be overbroad or harassing and seeks only relevant materials. Accordingly, plaintiffs' objections based on relevancy, overbreadth, and harassment are overruled.

B. <u>Privacy Objection</u>

Plaintiffs also contend that disclosure of Mrs. Padgett's personnel records would constitute an invasion of privacy. "Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. The party or person whose privacy is affected may either object to the discovery request or seek a protective order. Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted." (citations omitted); <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Although a strong public policy against disclosure exists with respect to personnel files, discovery is nonetheless allowed if (1) the material sought is "clearly relevant," and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable. <u>Matter of Hawaii Corp.</u>, 88 F.R.D. 518, 524 (D. Haw. 1980).

As just discussed, the materials sought by defendants are "clearly relevant" to the damages claim made by Mrs. Padgett concerning her lost wages and opportunities, as well as related to her claim for relocation expenses. Moreover, the need for discovery is compelling because the information is not "readily obtainable" from any other source since only the Bank of America retains Mrs. Padgett's employment records. Although plaintiffs have offered to produce certain relevant employment records, such as wage statements and W-2 forms, as defendants note, plaintiffs should not be permitted to produce only those records or information which *they* deem pertinent. Instead, defendants are entitled, pursuant to Fed. R. Civ. Pro. 26, to obtain discovery relevant to a claim or defense in this action, or to seek information which is likely to lead to the discovery of admissible evidence. Defendants should be afforded the opportunity, therefore, to test and verify Mrs. Padgetts' claim that she was forced to relocate as a result of the actions taken against her by the defendants and that she suffered lost wages and additional, attendant losses, as a result.

Mrs. Padgett further argues, in particular, that she has not placed her medical history at issue by claiming damages for lost wages and relocation expenses. With respect to Mrs. Padgett's medical records related to her employment, such materials are likely sensitive and may contain confidential information. By alleging separate tort claims for both intentional and negligent infliction of emotional distress against

4

defendants, however, Mrs. Padgett has placed her mental condition in controversy in this litigation. See e.g., Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995) (intentional infliction of emotional distress claims place mental condition in controversy).[2] Moreover, the requested records could reveal information directly pertinent to the claim for damages in this case. For example, Mrs. Padgett might suffer from a condition which necessitates that she perform only certain jobs, thereby requiring that she fulfill a lower paying position. Without a review of the requested records, which appear directly related to the claims presented in plaintiffs' complaint, defendants are afforded no reliable method to test the assertions made by Mrs. Padgett in this action.[3]

Further, plaintiffs have failed to sustain their burden of showing any specific prejudice or harm which would result if no protective order is granted. Phillips v. General Motors Corp., 307 F.3d at 1210-11. They simply note, in a conclusory statement, that "the City cannot articulate how any and all personnel records of the plaintiff have a tendency in common sense and/or logic to shed light on the claims or defenses in what is essentially a civil rights dispute, nor can the City show a compelling need for the information sought as is required under the law." See Plaintiffs' Memorandum of Points and Authorities at pp. 3-4, lines 26-1. The Padgetts, however, do not amplify further on the specific harm or prejudice they would incur from disclosure. As previously noted, broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Fed. R. Civ. Pro. 26(c) requirement. Beckman Industries, Inc. v. Int'l Ins. Co., 966 F.2d at 476.

## V. CONCLUSION

For the reasons stated, the Padgetts' motion for a protective order is denied. The employment records subpoenaed from Bank of America by defendants shall be produced on or before December 30, 2005, subject to the terms and conditions similar to those set forth in the prior protective order, entered in

---

[2] By contrast, the state court has held that the mere filing of a personal injury lawsuit claiming damages for emotional distress (as opposed to an independent cause of action for intentional or negligent emotional distress) does not place at issue the plaintiff's medical condition. See e.g., Roberts v. Superior Court, 9 Cal.3d 330, 339 (1973) (psychological records not relevant where only general claim made for emotional distress damages).

[3] For these reasons, there is no reason for the Court to review the medical records *in camera* and the oral request to do so is denied.

1 | this action on August 10, 2005 regarding the defendants' production of fingerprints and palm prints.
2 | IT IS SO ORDERED.
3 | Dated: 12/21/05      /s/ Richard Seeborg
   | RICHARD SEEBORG
4 | United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Joseph C. Howard , Jr    jhoward@hrmrlaw.com, tmaster@hrmrlaw.com;dlongstaff@hrmrlaw.com

James McManis    jmcmanis@mfmlaw.com, smaes@mfmlaw.com

Michael Reedy    mreedy@mfmlaw.com, smaes@mfmlaw.com

Jessica Valenzuela Santamaria    jvalenzuelasantamaria@mfmlaw.com, smaes@mfmlaw.com

**Dated: 12/21/05**                                              **Chambers of Judge Richard Seeborg**

                                                                                   **By:      /s/BAK**