**\*E-FILED 3/20/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH PADGETT AND DARLA PADGETT,<br><br>          Plaintiffs,<br>v.<br><br>CITY OF MONTE SERENO, ET AL.,<br><br>          Defendants._____/ | NO. 04-cv-3946 JW (RS)<br><br>**ORDER RE DEMAND TO INSPECT COMPUTER SYSTEMS** |

I. INTRODUCTION

Before the Court is the request of plaintiffs Joseph Padgett and Darla Padgett that the City of Monte Sereno be required to permit the Padgett's expert to inspect and make images of the hard drives on the City's desktop computers and servers. In its order dated February 24, 2006, the Court directed the Padgetts to provide the City with information regarding their expert and the procedures he proposed to use, and ordered the parties to meet-and-confer thereafter in an attempt to resolve the issue without further Court intervention. The parties have been unable to reach an agreement, necessitating this order.

While the Padgett's expert possesses sufficient qualifications and proposes adequate safeguards to ensure the security of the City's computer systems and data, under all the

circumstances present here, the burden and expense to the City of complying with that process outweighs the Padgett's interest in conducting the search.

## II.  DISCUSSION

The Padgett's retained forensic computer expert, Scott Cooper, is a founder and Managing Director of INSYNC Consulting Group, Inc., based in Los Angeles.  Cooper has submitted a declaration and resume establishing his experience and expertise in conducting the type of forensic examination of computer systems that the Padgetts are seeking.  Cooper's experience includes substantial work in the context of litigation, both on behalf of parties and by appointment of the court.

Cooper proposes a procedure under which he would shut down each of the City's computers in turn and remove the hard drives to "image" the data thereon.[1]   Then, in INSYNC's secure facilities in Los Angeles, Cooper would perform the necessary procedures to recover all the data on the hard drives, regardless of the state in which it exists ("live," "deleted," "slack," "unallocated." or "wiped.")  Cooper would then run targeted searches on the data to find any relevant documents or information.  Before any documents or information would be disclosed to the Padgetts or their counsel, the City would be given the opportunity to review what Cooper finds, to identify anything that should be withheld as privileged or non-responsive.

Because the Padgetts are specifically looking for information pertaining to the prior creation of, or viewing of, documents on the City's computers, rather than for documents that are presently stored on those computers in a form accessible by an ordinary user, a procedure along the general lines proposed by Cooper appears necessary and might be warranted in some cases. Many of the City's objections would, if accepted, appear  to preclude this kind of search in *any* case, regardless of what was at stake, and the Court does not endorse those objections.  Others of the City's objections are adequately addressed by Cooper's proposals or are otherwise not compelling. Were

---

[1] Cooper advises that the process could be accomplished without removal of the hard drives, but that doing so would be more time-consuming.

2

the Court inclined to order the inspection here, additional details could be spelled out to address any remaining legitimate concerns the City might have.

Nevertheless, there is merit to the City's central objection that under the circumstances of this case it should not be forced to incur the burden and expense and any residual risks to the security of its systems and data that may exist notwithstanding Cooper's safeguards. While the Padgetts would bear the direct costs of Cooper's work, there is no dispute that each of the City's desktop computers would need to be shut down for a period of one to two hours, and that the two servers would each need to be shut down for up to eight hours or more. While Cooper is willing to schedule the shutdowns to minimize disruption, including working after normal business hours, it is apparent that the disruption would be more than *de minimus.* Additionally, the City reasonably insists on having Cooper's work monitored by the City's own technical personnel, the cost of which would not be insubstantial. The City's counsel would likely also have a right to be present, at further cost to the City.

Federal Rule of Civil Procedure 26 allows a court to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2). Weighing all of those factors here leads to the conclusion that the procedure proposed by the Padgetts creates a burden on the City that cannot be justified by the likely benefit.

3

## III. CONCLUSION

Plaintiffs' motion to compel an inspection of the City of Monte Sereno's computers is DENIED.

IT IS SO ORDERED.

Dated: 3/20/06

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Marwa Elzankaly    melzankaly@mfmlaw.com, smaes@mfmlaw.com

Joseph C. Howard , Jr    jhoward@hrmrlaw.com, tmaster@hrmrlaw.com; dlongstaff@hrmrlaw.com

James McManis    jmcmanis@mfmlaw.com, clarsen@mfmlaw.com; smaes@mfmlaw.com

Christine Peek    cpeek@mfmlaw.com, smaes@mfmlaw.com

Michael Reedy    mreedy@mfmlaw.com, smaes@mfmlaw.com

Colleen Duffy Smith    cduffysmith@mfmlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**Dated: 3/20/06**                                                                 **Chambers of Judge Richard Seeborg**

                                                                                    **By:        /s/ BAK**