**\*E-FILED 5/1/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH PADGETT AND DARLA PADGETT,<br><br>            Plaintiffs,<br>      v.<br><br>CITY OF MONTE SERENO, ET AL.,<br><br>            Defendants. | NO. 04-cv-3946 JW (RS)<br><br>**ORDER RE MOTIONS TO COMPEL** |

## I. INTRODUCTION

Before the Court are two motions to compel filed by plaintiffs Joseph Padgett and Darla Padgett, one with respect to defendant Lisa Rice, and one with respect to defendant the City of Monte Sereno. The motions having been fully brief and oral argument having been heard on April 26, 2006, the Court will grant each motion in part and deny each motion in part, as set forth below.

## II. DISCUSSION

A. <u>Motion to Compel Lisa Rice to Answer Written Discovery, Appear for Previously-Ordered Deposition, and Request for Sanctions.</u>

The Padgetts served special interrogatories and requests for production of documents on Lisa Rice by regular and overnight mail on February 9, 2006. The Padgetts admit that Rice's responses

would not have been due until March 14, 2006, one day after the discovery cut off. Rice did not respond.

Local Rule 26-2 provides: "Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." The commentary to the rule warns, "Counsel should initiate discovery requests and notice depositions sufficiently in advance of the cut-off date to comply with this local rule."

In their "supplemental" memorandum in support of the motion, the Padgetts argue that there is "good cause" to enforce this untimely discovery "because the information sought is relevant and material to the claims in plaintiffs' Second Amended Complaint." The brief elaborates as to why the Padgetts contend the information sought is vital, but there is no explanation as to why the discovery requests could not have been served timely. This is insufficient. "Good cause" for relief from the rule requires not only that there be good reason for the questions in the abstract, but good reasons that they could not have been propounded within the normal time requirements.[1]

Additionally, it appears that the real issue here is a practical one. Rice has effectively stopped participating in this litigation for the time being. She is already under court order to appear for further deposition. Should that deposition go forward, it is likely that the Padgetts will obtain most, if not all, of the information they are seeking in the written discovery. If Rice continues to resist complying with her obligation to appear for deposition, it seems unlikely that the Padgetts would succeed in obtaining answers to the written discovery, even if the Court were to order that the written discovery be answered.

In view of the fact that the responses to the written discovery were not due until after the discovery cut off, the motion to compel responses is denied. With respect to the motion to compel Rice to comply with the Court's prior order requiring her to appear for further deposition, on April 27, 2006, the Court issued an order to show cause directed at Rice.

---

[1] At the hearing, counsel provided some further explanation that the written discovery was not timely served as a result of some sort of miscommunication or other inadvertent error. This explanation addresses the correct issue, but it still falls short of establishing good cause for relief under Rule 26-2.

2

The Padgetts' request for sanctions is denied, on grounds that 1) their motion to compel answers to written discovery has been denied; 2) sanctions at this juncture would be an ineffective means of achieving the goal of compelling Rice to complete her deposition, and; 3) the request for sanctions was not separately noticed as required by Local Civil Rule 7-8.

B. <u>Motion to Compel Production of Documents and Depositions</u>

    1) <u>Request for Production of Documents, Set 2.</u>

        a) *In General.*  By the time of the hearing, the parties were in apparent agreement that the City had essentially complied with its obligation to produce documents responsive to these requests, and the only major remaining issues were those discussed below. Counsel for the Padgetts, however, did raise questions as to whether certain pages were missing from the City's production and whether certain documents had been redacted. As discussed at the hearing, the Court expects the parties to continue to meet and confer to clarify whether any pages were inadvertently omitted from the production and what, if any, redactions were made. Any responsive information withheld in whole, or redacted in part, shall be adequately identified on a privilege log.

        b) *Time Records.* The Padgetts contend that time records of city employees are within the scope of their document requests because such records are "documents" and are "communications" between the city and its employees that concern either the "threatening letter" at the heart of this suit (Request No. 37) or Lisa Rice's involvement in preparing that letter (Request No. 46). Although the time records are documents that arguably are "communications," it goes too far to say that they are communications "about" or "concerning" the letter or Rice.[2] The time records are "about" the hours the employees worked each day. That the Padgetts conceivably might be able to use facts shown in the time records to call into question Rice's testimony regarding the circumstances under which the letter was prepared is simply too attenuated to warrant the production

---

[2] Request 37 uses "about," Request 46 uses "concerning." The terms appear to have equivalent meanings.

3

1  of these ancillary materials, particularly in that it is a stretch to claim that the terms used in the
2  request encompass them. Each time record "concerns" the working hours of an employee, not the
3  letter or Rice's involvement in preparing it. As the time records are outside the scope of the
4  document requests propounded, this aspect of the motion to compel will be denied.[3]

5              c) *Rice's Hard Drive.* The Padgetts have requested an opportunity to search
6  the hard drive that apparently was removed from Rice's computer early during this litigation, or at a
7  minimum, they want certification that someone "independent" (i.e., someone other than Brian
8  Loventhal) has searched the drive for responsive documents. As discussed at the hearing, this topic
9  appears to be subsumed in the matter presently pending before the presiding judge. Unless advised
10 by the presiding judge or the parties that a question remains for this Court to resolve, no further
11 action will be taken on that request here.

12       2. <u>Depositions of Seaman, Wright, and Fabbro</u>
13       The parties reported at the hearing they have reached agreement to complete these three
14 depositions.

15       3. <u>Depositions of Bell and Loventhal</u>
16       The Padgetts demand up to two additional hours each to complete the depositions of Howard
17 Bell and Brian Loventhal. The City is only willing to provide Bell for one hour unless Joseph
18 Padgett agrees to appear for another two hours. The City opposes any further deposition of
19 Loventhal.

20       Having no apparent choice but to decide a matter that should have been resolved by counsel,
21 the Court rules as follows: The Padgetts may depose Bell and Loventhal for up to two additional
22 hours each, and defendants may depose Joseph Padgett appears for up to two additional hours. In
23 each case, questioning up to two hours will be allowed without regard to how much time was
24 actually used in any of the other depositions. In the event Padgett's deposition takes place in this
25 judicial district, the City shall reimburse him for one-half of the cost of the round trip airfare

---

27  [3] Whether the time records would be relevant and subject to production under a request specifically calling for them is not before the Court.

28                                         4

between his residence and this judicial district, based on a reasonably available economy-class fare.

    4. <u>Deposition of Nesbet</u>

The Padgetts contend that Barbara Nesbet should be required to appear and answer 27 certified questions that counsel previously instructed her not to answer. The Court's view, as discussed at the hearing, and as discussed in its prior order entered February 24, 2006 regarding the depositions of Curtis Wright and Scott Seaman, is that foundational questions that do not intrude on the *substance* of privileged communications are proper.

At the hearing, the Court requested that it be provided with a complete copy of the transcript of Nesbet's deposition, to permit it to review the disputed questions in full context. The Court has now conducted that review. Although it is not possible to draw a line with scientific precision, the Court finds that the following certified questions do not impinge on privileged information and must be answered: 1, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 16, 20, 22, 26, and 27.[4]

The motion will be denied as to the remaining questions. Nesbet shall appear for further deposition to answer the questions identified, together with any reasonable follow-up questions, which likewise shall be limited to foundational matters consistent with this ruling and the Court's prior rulings. Counsel are cautioned to exercise the utmost efforts to resolve between themselves any further disputes that may arise, prior to seeking further court intervention.

### III. CONCLUSION

The motion to compel Lisa Rice to answer written discovery is DENIED. The motion to compel Lisa Rice to comply with the Court's prior order to appear for further deposition is GRANTED, in that the Court has previously issued an order to show cause. The request for sanctions as to Lisa Rice is DENIED.

---

[4] The Court has not endeavored to determine which of these, if any, may have already been answered in whole or in part. While it is not productive to bring a motion to compel without first determining which questions actually remain in issue, in this case Nesbet will be ordered to answer all of the questions specified above. Counsel will be free to state an "asked and answered" objection where appropriate, but that is not a basis for an instruction not to answer.

5

The motion to compel production of documents and depositions is GRANTED in part, and DENIED, in part, as set forth with more particularity above.

IT IS SO ORDERED.

Dated: May 1, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Marwa Elzankaly     melzankaly@mfmlaw.com, smaes@mfmlaw.com

Joseph C. Howard , Jr    jhoward@hrmrlaw.com, tmaster@hrmrlaw.com; dlongstaff@hrmrlaw.com

James McManis     jmcmanis@mfmlaw.com, clarsen@mfmlaw.com; smaes@mfmlaw.com

Christine Peek    cpeek@mfmlaw.com, smaes@mfmlaw.com

Michael Reedy     mreedy@mfmlaw.com, smaes@mfmlaw.com

Colleen Duffy Smith    cduffysmith@mfmlaw.com, prussell@mfmlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**Dated: 5/1/06**                              **Chambers of Judge Richard Seeborg**

                                               **By:      /s/ BAK**