```
                              FILED
                              JUN 14 2006
                              RICHARD W. WIEKING
                              CLERK, U.S. DISTRICT COURT
                              NORTHERN DISTRICT OF CALIFORNIA
                              SAN JOSE
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH PADGETT AND DARLA PADGETT,<br><br>　　　　Plaintiffs,<br>　v.<br>CITY OF MONTE SERENO, ET AL.,<br>　　　　Defendants. | NO. 5:04-cv-3946 JW (RS)<br><br>**ORDER TO LISA RICE** |

**TO: LISA RICE**

**YOU ARE HEREBY ORDERED TO DO THE FOLLOWING. FAILURE TO COMPLY MAY SUBJECT YOU TO FINES OR ARREST.**

1. Within two business days from the time you receive this order, you shall contact Michael Reedy, Esq. at (408) 297-8700, and make arrangements with him to appear for the completion of your deposition.

2. You must appear and complete your deposition within two weeks of receiving this order.

3. If you are unable to contact Mr. Reedy as required, then within five business days of receiving this order you must call the Court at (408) 535-5357 and provide a phone number at which you can be reached. The Court will then schedule a conference call, in which you must participate,

1  and you will be permitted to explain to the Court any reasons you may have for not having complied
2  with this order and the prior orders of the Court regarding your deposition. Copies of those prior
3  orders are attached for your reference.

4      4. If you fail to comply with this order, the Court may impose fines on you of up to $200 per
5  day until you comply, or it may issue a warrant for your arrest, or both.

7      This order is based on, and hereby incorporates, the attached prior orders dated February 24,
8  2006, and April 26, 2006, and on Lisa Rice's failure to comply with those orders. It is further
9  ordered that plaintiffs make such arrangements as may be necessary to ensure that this order and its
10 attachments are personally served on Lisa Rice, and that proof of such service be filed.

12 IT IS SO ORDERED.
13 Dated: 6/14/06

                                       RICHARD SEEBORG
                                       United States Magistrate Judge



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH PADGETT AND DARLA PADGETT,<br><br>　　　　　Plaintiffs,<br>v.<br>CITY OF MONTE SERENO, ET AL.,<br>　　　　　Defendants. | NO. 04-cv-3946 JW (RS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO COMPEL FURTHER DISCOVERY RESPONSES** |

## I. INTRODUCTION

Plaintiffs Joseph Padgett and Darla Padgett ("Padgetts"), former residents of the City of Monte Sereno (the "City"), seek damages for the alleged violation of their civil rights at the hands of the City and its officials. They move to compel defendants[1] to provide further responses to various discovery requests and deposition questions, as well as request that newly-added defendant Lisa Rice ("Rice") be ordered to submit additional finger and palm prints for testing. Although defendant Rice

---

[1] Based on the Amended Complaint recently filed by the Padgetts, named defendants are: The City of Monte Sereno, Brian Loventhal, Erin Garner, A. Curtis Wright, Mark Brodsky, Barbara Nesbet, David Baxter, and Lisa Rice (collectively, "defendants").

has not yet appeared in the action[2], the remaining defendants state that they have responded appropriately to all discovery requests and that, as a result, they can provide no further information. The motions were fully briefed and heard on shortened time by the Court on February 22, 2006. Based on all papers filed to date, as well as on the oral argument of counsel, the Court grants in part and denies in part the motions to compel, as explained below.

## II. BACKGROUND

The parties' present dispute concerns requests for the production of documents served by the Padgetts, their request to inspect the City's computers, and defendants' refusal to answer certain deposition questions. Specifically, the Padgetts request that defendants be ordered to provide additional discovery responses to request for production of documents, numbers 7, 11, 12, 13, 14, 16, 17, and 18, as well as to their first and second demands for inspection. The Padgetts also move to compel further deposition answers regarding numerous questions posed to defendants Rice and A. Curtis Wright ("Wright"), as well as to non-party Scott Seaman ("Seaman"). In addition, they request that Rice be ordered to provide another copy of her palm and finger prints for analysis by an expert retained by plaintiffs.

With the exception of the request that Rice provide prints, defendants oppose the motions, arguing that they have provided all responsive discovery in their possession and have answered all deposition questions, except to the extent that proper objections or instructions not to answer were interposed.

## III. STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

---

[2] The record indicates that Rice was served with the Amended Complaint on February 6, 2006.

2

1 Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence, Rule 401. Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26 (c)).

Discovery requests for documents and tangible things are governed by Rule 34 of the Federal Rules of Civil Procedure. The rule in relevant part states that,

> Any party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of and which are in the possession, custody or control of the party upon whom the request is served.

Fed. R. Civ. P. 34(a).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

## IV. DISCUSSION

A. <u>Motion to Compel Rice to Submit Additional Finger and Palm Prints</u>

The Court addressed the production of finger and palm prints in a prior motion filed by the Padgetts, who moved for the production of prints from several City officials including then non-party Rice. In its order granting in part and denying in part the Padgetts' request, the Court found, in light of Rice's confession that she wrote the threatening letter to the Padgetts, good cause existed to compel her to produce finger and palm prints. Nonetheless, the Court noted that since the Padgetts

3

1 had not served a Rule 45 subpoena on Rice to request her prints, their motion to compel was
2 premature and, therefore, would be denied without prejudice.

3     The record indicates that, prior to the Court's order, Rice expressed her willingness to provide
4 her prints to the parties and, in fact, those prints were taken by an expert retained by the City on July
5 22, 2006. The Padgetts' expert did not attend that print session, however, since it was unilaterally
6 scheduled by the defendants and occurred prior to the issuance of the Court's order concerning the
7 production of Rice's prints. See Reedy Declaration at ¶¶ 4-6. Nonetheless, the prints taken by the
8 City's expert were provided to the Padgetts' expert, who has reviewed and analyzed the results.
9 See Exh. E to Master Declaration.

10     Despite having a copy of the finger and palm prints of Rice taken by the defense, the Padgetts
11 move to compel Rice to provide an additional set of prints to plaintiffs' expert, arguing that until
12 their "expert is allowed to take the prints using her own methodology, which includes taking
13 photographs and establishing personal identification of the individual providing the prints, we cannot
14 know whether Rice's prints are a match to the prints on the threatening letter." See Reedy
15 Declaration at p. 3, ¶9, lines 25-28. This argument does not appear in the Padgetts' expert's
16 declaration, however, which in fact concludes, based on a preliminary analysis, that the palm prints
17 provided and identified as those belonging to Rice match the latent prints found on the threatening
18 letter received by the Padgetts. Exh. E at ¶ 16, lines 9-10. Although the expert goes on to state that
19 she needs to complete her latent print analysis before reaching a final conclusion, she does not
20 identify any problems with the prints previously provided by Rice, nor does she question their
21 authenticity in any manner. As a result, it is unclear why the Padgetts need Rice to provide an
22 additional set of prints.

23     At the hearing on the motion, defense counsel agreed to provide the Padgetts with
24 certification that their expert verified the identity of Rice at the time her prints were obtained. Those
25 original prints remain in the custody of defendants' expert and will be made available to the Padgetts'
26 expert for her review and inspection. Based on these assurances by defense counsel, the motion to
27 compel another set of palm and finger prints from Rice is denied.

28

4

B. <u>Motion to Compel Production of Documents and Permit Inspection</u>

The Padgetts also move to compel defendants to provide additional responses to requests for production numbers 7, 11, 12, 13, 14, 16, 17, and 18, as well as to permit inspection of defendants' computers and related storage systems in response to their first and second demands for inspection. Defendants state that all responsive documents have been produced, with the exception of those withheld on the basis of privilege, and that a privilege log has been provided to the Padgetts which identifies those documents withheld. In the event that additional documents to which the defendants claim a privilege must be provided to the Padgetts, defendants request that the Court first conduct an *in camera* review of such materials to assess their relevancy.

1. <u>Document Request No. 7</u>

The Padgetts request production of all documents regarding Rice's employment with the City of Monte Sereno, including those related to her termination. Although defendants provided a copy of the statement that Rice delivered to the City after her employment was terminated in June 2005, they object to the production of any additional materials, including the personnel file of Rice, arguing that the request is overbroad in that it seeks all documents concerning Rice's four year employment history with the City, whether or not such documents are related to this action. Moreover, defendants claim that the personnel file is protected by the official information privilege recognized by the federal courts, and by the right to privacy under California law.

As an initial matter, the discovery request is impermissibly overbroad as it requires defendants to produce anything written by or about Rice during the four (4) years she was employed by the City, without limitation. That said, any document pertaining to Rice's termination, which resulted from her admitted authorship of the threatening letter sent to the Padgetts, would be relevant and subject to production. Similarly, any other documents contained in Rice's personnel file that refer to or mention the Padgetts may be relevant to the issues presented in this litigation. Finally, any documents related to any disciplinary action against Rice that may have occurred during her tenure with the City, as well as any materials related to her mental health issues or concerns, may be implicated in the claims and defenses presented in this action and should be produced.

5

To the extent that defendants invoke the official information privilege as to these materials, they have waived that protection by failing to assert the privilege in a timely and proper manner. While information contained in government personnel files may be considered "official information" and may, therefore, be protected by the official information privilege, Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990), the privilege is qualified, and does not provide an absolute bar to disclosure. Miller v. Panucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992) (holding personnel files sought to be discovered in an action alleging excessive force by police officers protected only by the qualified "official information" privilege). In order to determine whether the privilege bars disclosure, courts must weigh the potential benefits of disclosure against the potential disadvantages. Miller, 141 F.R.D. at 299.

At the outset, however, before the Court applies any balancing test to determine the discoverability of government information, a party seeking to invoke the "official information" privilege must satisfy two requirements. Id. First, the party who receives a discovery request must timely serve and file an objection that invokes the official information privilege by name. Id. Second, at the time it serves and files its response to the discovery request, the party must also submit a declaration or affidavit, under oath or subject to the penalty of perjury, from the head of the department which has control over the matter, setting forth specific facts regarding the risk of harm which would occur were the material to be disclosed. Id. "Only after the party asserting the privilege has satisfied these criteria, and in the absence of an agreement, should the parties resort to the Court for resolution." Id. at 301. If the threshold requirements are not met, the privilege assertion must be overruled in its entirety and complete disclosure will be ordered. Id.

In this instance, defendants failed to submit the requisite declaration or affidavit necessary to invoke the official information privilege. Although they objected in their response that the requested materials were protected by the privilege, no declaration or affidavit from the head of the department which has control over the matter accompanied defendants' objection, as required by the Ninth

6

Circuit.[3] See Kerr v. United States Dist. Court for Northern District, 511 F.2d 192, 197 (9th Cir. 1975); Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D. Cal. 1987). As a result, defendants' "official information privilege" objection is overruled.

Defendants also contend that the relevant materials contained in Rice's personnel file are protected by the right of privacy. Ragge v. MCA/Universal Studios, 165 F.R.D. 601 (C.D. Cal. 1995). In California, the right of privacy is set forth in the state Constitution, Article I, Section I. It is not, however, an absolute right and may be overcome depending upon the circumstances. Id. at 604.[4] While sexual, health, and financial matters are generally considered to be private or confidential, the importance of the information to a plaintiff's claims may outweigh any privacy interest a defendant may have. Id. at 604-605. In this instance, since the materials identified by the Court are directly relevant to the claims and defenses presented, are not available from another source, and only marginally concern health information, defendants must provide those portions of Rice's personnel file to the Padgetts. In all other respects, document request number seven is overbroad and defendants will not be compelled to provide the remainder of Rice's personnel file, nor any other documents concerning her four year employment history with the City beyond those addressed above.

2. Document Request No. 11

The Padgetts also request that defendants provide all communications to or from Rice regarding them. While defendants apparently produced some responsive documents, they claim that others are protected by the attorney-client privilege. Despite this assertion, however, only one document was listed on defendants' privilege log. Defendants are ordered to confirm that they have produced all documents responsive to this request and to list any documents withheld on the basis of privilege on the log provided to the Padgetts.

In addition, based on the joint request of the parties and good cause appearing therefore, the

---

[3] The requisite declaration was apparently provided to the Padgetts some months after defendants' response was filed.

[4] The California right of privacy is instructive but not binding on federal courts.

7

Court will conduct an *in camera* review of the document identified on defendants' existing privilege log. Defendants shall submit that document in a sealed envelope to the Court within ten (10) days of the date of this order.

3. <u>Document Request Nos. 12 and 13</u>

The Padgetts seek all communications to or from Rice regarding defendant Brian Loventhal, or exchanged between Rice and Loventhal. Again, since Rice was employed for four years by the City, these requests are impermissibly overbroad and not limited in any manner, such as time or scope, to the claims and defenses presented in this action. In their motion to compel, however, the Padgetts state that they are seeking communications between Rice and Loventhal related to the claims and defenses which are presented in this action. Defense counsel acknowledged at the hearing that documents related to the Padgetts are relevant to this case, but believes that those documents have been provided. To the extent that any additional responsive documents exist, defendants shall provide them to the Padgetts.

4. <u>Document Request Nos. 14 and 16</u>

Similar to the prior requests, the Padgetts ask defendants to provide all communications between Rice and the City Attorneys office, the City, or any official, agent, employee or other person acting on the City's behalf. Defendants contend that they provided all non-privileged materials, but it is unclear whether additional documents have been withheld on the basis of privilege since only one document is listed on the privilege log. Accordingly, defendants shall provide all responsive materials to the Padgetts, including a privilege log listing all documents withheld on the basis of privilege.

5. <u>Document Request Nos. 17 and 18</u>

The Padgetts request all communications to and from Rice regarding the threatening letter sent to their home in March 2004, as well as any newspaper articles retrieved by defendants regarding the Padgetts. Defendants assert that they have searched diligently and produced all responsive materials. Nonetheless, the Padgetts state that they "believe additional responsive documents exist." Without more than the Padgetts' "belief," however, the defendants cannot be

8

1  compelled to produce that which they state they do not have, unless a search of their computers is
2  conducted, as discussed below. The motion to compel further responses to these discovery requests
3  is, therefore, denied.

4        6.    Demand for Inspection

5        The Padgetts demand that a computer technician be allowed to inspect and test the City's
6  computer systems, as well as all servers, disks, back-up tapes, and any other form of storage used by
7  the City to save electronic data, arguing that the "evidence indicates that electronic records exist that
8  have not yet been produced, including but not limited to the threatening letter and envelope prepared
9  by Rice, the newspaper articles Loventhal downloaded to his computer, and the e-mail with the
10 confessional letter sent by Rice to the City Attorney." While Rice has stated that she did not save the
11 threatening letter, the Padgetts contend that a trained computer technician may be able to find a copy
12 of the letter on the computer's hard drive, whether or not the document was saved.  They argue that it
13 is critical for them to confirm if Rice actually authored the letter since that information will establish
14 whether Rice acted on her own without the City's authority or ratification, as defendants assert.

15       As with several of the discovery requests noted above, the Padgetts' demand for inspection is
16 overly broad, invasive, and may impinge on privileged and confidential information. Moreover, the
17 Padgetts fail to state how their requested inspection can be tailored to the claims and defenses in this
18 action, or is likely to lead to the discovery of admissible evidence. Rather, they propose simply to
19 search all of defendants' databases in the hopes of locating information concerning the threatening
20 letter to the Padgetts, as well as computer data regarding downloading of newspaper articles
21 concerning the Padgetts.

22       As a result, and as discussed with counsel at the hearing, the Court will not entertain this
23 motion without a declaration from the Padgetts' computer expert, outlining the precise method and
24 scope by which he or she proposes to search the defendants' electronic storage systems and
25 databases. That declaration shall be filed on or before March 1, 2006. Upon the filing of that
26 declaration, counsel are ordered to meet and confer and attempt, in good faith, to reach an agreement
27 concerning the search of defendants' computers.  In the event an agreement cannot be reached,

28

defendants shall submit their objections to the proposed computer search on or before March 8, 2006. Upon the submission of defendants' objections, the matter shall be deemed submitted and the Court will issue a ruling concerning the Padgetts' motion to inspect defendants' computers.

C. Motions to Compel Further Deposition Answers

1. Wright and Seaman Deposition Questions

A review of the pertinent portions of the deposition transcripts submitted indicates that Wright and Seaman were improperly instructed on grounds of attorney-client privilege not to answer certain questions.[5] In order for a communication to be protected by the attorney-client privilege, the conversation must occur between a client and his or her attorney and must concern predominantly legal advice, as opposed to ordinary business advice. North Pacifica, LLC v. City of Pacifica, 274 F. Supp.2d 1118, 1127 (N.D. Cal. 2003). The questions posed by the Padgetts to Wright and Seaman do not appear to call for privileged information since they seek details which do not involve legal advice, such as matters regarding service of process and newspaper articles received by Wright from Loventhal.

Moreover, although the Court previously held that the City had waived the attorney-client privilege with respect to the handwritten notes taken by Seaman and produced by the City, the Court did not find that such waiver extended to all *conversations* between Seaman and the City Attorney, which may otherwise be privileged. Nonetheless, with respect to the specific question posed by the Padgetts to Seaman during his deposition regarding the conversation reflected in Seaman's notes, the objection based on privilege is overruled since counsel specifically stated that he was not seeking to elicit the substance of the conversation between Seaman and the City Attorney but only sought the purpose for which the conversation took place. See Deposition Transcript at p. 66, lines 7-19. Since

---

[5] The Padgetts again argue that defendants may not invoke the attorney-client privilege since the Los Gatos Police Department is not a "client" of the Monte Sereno City Attorney's Office. The Court previously rejected this argument, however, noting that the 1995 Agreement for Law Enforcement Services between the Town of Los Gatos and the City states that the City pays the Town for police services and the Town's Chief of Police is the City's Chief of Police. See Order Denying Defendants' Motion for Protective Order, filed December 21, 2005 at p. 5. Moreover, the City Attorney represented the City in its civil code enforcement action against the Padgetts in state court.

10

the purpose of the call is a foundational issue, Seaman was improperly instructed not to answer the question.[6]

In addition, although defendants invoked the protections of the Brown Act during the depositions, that privilege is not recognized under federal law. North Pacifica, LLC v. City of Pacifica, 274 F. Supp.2d at 1126. Implicitly conceding this, defendants now assert the deliberative process and mental process qualified privileges recognized in North Pacifica as a potential basis for protection of City Council closed sessions. Id. Despite the assertion of these additional, albeit untimely objections, the questions posed by the Padgetts to Wright and Seaman do not attempt to invade either the "deliberative" or "mental" processes of the City Council. Rather, the questions are specifically directed towards the dissemination of public newspapers articles which may have been distributed or discussed during closed session meetings. Defendants may not, therefore, hide behind the cloak of "closed session privileges" when relevant, material information concerning the Council members' direct involvement in the alleged violation of the Padgetts' civil rights is sought to be discovered. Id.

Moreover, defendants' contention that it is impossible to "sort out" any privileged legal advice that may have been given or discussed during closed door sessions fails, because the questions posed to Seaman and Wright do not appear to intrude into substantive legal issues. None of the inquiries ask for specific information conveyed by the City's counsel. For these reasons, the motion to compel Seaman and Wright to answer further deposition questions is granted.

2. Rice Deposition Questions

With respect to the questions posed by the Padgetts to Rice, no objection was made on the basis of privilege. Instead, Rice appeared for her deposition without counsel and proceeded to answer all questions, with the exception of several concerning her present living and employment situation,

---

[6] This ruling does not mean, however, that Seaman must divulge all of the contents of his conversations with the City Attorney, which may be protected by the attorney-client privilege.

11

as well as some additional questions seeking to elicit personal information. Claiming these to be "irrelevant" to the Padgetts' claims, she refused to answer. Relevancy, however, is not a proper objection to raise in response to a deposition question. International Union of Elec., Radio & Machinery Workers, AFL-CIO v. Westinghouse Elec. Corp., 91 F.R.D. 277, 278 (D.D.C. 1981) (deponent must answer question even if it calls for irrelevant information). An attorney may only instruct a deponent not to answer in order to preserve a privilege, enforce a discovery limitation previously ordered by the court, or adjourn the deposition to seek a court order limiting further examination. Fed. R. Civ. P. 30(d)(1). Accordingly, the motion to compel Rice to answer further deposition questions is granted. As noted by the Court at the hearing on this motion, however, only foundational questions concerning any mental and emotional treatment Rice may have received will be permitted.

## V. CONCLUSION

For the reasons stated above, the motions to compel are granted in part and denied in part, as follows:

1. The motion to compel Rice to provide additional finger and palm prints is denied.
2. The motion to compel defendants to provide further responses to discovery request numbers 7, 11, 12, 13, 14, and 16, as delineated above, is granted. Defendants shall provide all additional, responsive materials, as well as a privilege log listing all materials withheld on the basis of privilege, to the Padgetts within ten (10) days of the date of this order.
3. The motion to compel defendants to provide its computers and related materials for inspection will be determined upon further submissions by the parties, as set forth above.

12

4. The motion to compel Wright, Seaman, and Rice to answer further deposition questions is granted.

IT IS SO ORDERED.

Dated: 2/24/06

RICHARD SEEBORG
United States Magistrate Judge

13

| | |
|---|---|
| 1 | **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:** |
| 2 | Joseph C. Howard , Jr    jhoward@hrmrlaw.com, |
| 3 | tmaster@hrmrlaw.com;dlongstaff@hrmrlaw.com |
| 4 | James McManis    jmcmanis@mfmlaw.com, smaes@mfmlaw.com |
| 5 | Michael Reedy    mreedy@mfmlaw.com, smaes@mfmlaw.com |
| 6 | |
| 7 | Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program. |
| 8 | |
| 9 | |
| 10 | Dated: 2/24/06                                                       **Chambers of Judge Richard Seeborg** |
| 11 | |
| 12 |                                                                                          By:      /s/ BAK |



FILED
APR 2 6 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH PADGETT AND DARLA PADGETT,<br><br>Plaintiffs,<br>v.<br>CITY OF MONTE SERENO, ET AL.,<br><br>Defendants. | NO. 5:04-cv-3946 JW (RS)<br><br>**ORDER DIRECTING LISA RICE TO APPEAR AND SHOW CAUSE WHY SHE SHOULD NOT BE HELD IN CONTEMPT** |

On March 22, 2006, the Court issued an order granting a motion to compel brought by plaintiffs. That order provided, in relevant part,

> With respect to the questions posed by the Padgetts to Rice, no objection was made on the basis of privilege. Instead, Rice appeared for her deposition without counsel and proceeded to answer all questions, with the exception of several concerning her present living and employment situation, as well as some additional questions seeking to elicit personal information. Claiming these to be "irrelevant" to the Padgetts' claims, she refused to answer. Relevancy, however, is not a proper objection to raise in response to a deposition question. <u>International Union of Elec., Radio & Machinery Workers, AFL-CIO v. Westinghouse Elec. Corp.</u>, 91 F.R.D. 277, 278 (D.D.C. 1981) (deponent must answer question even if it calls for irrelevant information). An attorney may only instruct a deponent not to answer in order to preserve a privilege, enforce a discovery limitation previously ordered by the court, or adjourn the deposition to seek a court order limiting further examination. Fed. R. Civ. P. 30(d)(1). Accordingly, the motion to compel Rice to answer further deposition questions is granted. As noted by the Court at the hearing on this motion, however, only foundational questions concerning any mental and emotional treatment Rice may have received will be permitted.

1  The Court is advised that plaintiffs' counsel's subsequent attempts to communicate
2  with Rice to arrange for her to appear for deposition have gone unanswered, and that Rice has
3  failed and refused to appear for deposition.
4  Accordingly, LISA RICE IS HEREBY ORDERED to appear in Courtroom 4 of the
5  United States District Court, 280 South First Street, San Jose, California 95113, on May 17,
6  2006, at 9:30 a.m., to show cause why she should not be held in contempt for failure to
7  comply with the Court's prior order.
8  Plaintiff's counsel shall cause a copy of this order to be served on Lisa Rice by mail at
9  her address of record, shall make reasonable efforts to serve her personally with a copy, and
10 shall do so forthwith .

13 IT IS SO ORDERED.
14 Dated: 4/26/06

RICHARD SEEBORG
United States Magistrate Judge

2

| | |
|---|---|
| 1 | **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:** |
| 2 | Marwa Elzankaly    melzankaly@mfmlaw.com, smaes@mfmlaw.com |
| 3 | Joseph C. Howard , Jr    jhoward@hrmrlaw.com, tmaster@hrmrlaw.com; dlongstaff@hrmrlaw.com |
| 4 | |
| 5 | James McManis    jmcmanis@mfmlaw.com, clarsen@mfmlaw.com; smaes@mfmlaw.com |
| 6 | Christine Peek    cpeek@mfmlaw.com, smaes@mfmlaw.com |
| 7 | Michael Reedy    mreedy@mfmlaw.com, smaes@mfmlaw.com |
| 8 | Colleen Duffy Smith    cduffysmith@mfmlaw.com |
| 9 | Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program. |

| | | |
|---|---|---|
| 10 | **Dated: April 26, 2006** | **Chambers of Judge Richard Seeborg** |
| 11 | | |
| 12 | | By:    /s/ BAK |

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Marwa Elzankaly    melzankaly@mfmlaw.com, smaes@mfmlaw.com

Joseph C. Howard , Jr    jhoward@hrmrlaw.com, tmaster@hrmrlaw.com; dlongstaff@hrmrlaw.com

James McManis    jmcmanis@mfmlaw.com, clarsen@mfmlaw.com; smaes@mfmlaw.com

Christine Peek    cpeek@mfmlaw.com, smaes@mfmlaw.com

Michael Reedy    mreedy@mfmlaw.com, smaes@mfmlaw.com

Colleen Duffy Smith    cduffysmith@mfmlaw.com, prussell@mfmlaw.com

Dated: 6/14/06                                             **Chambers of Judge Richard Seeborg**

                                                              By:      /s/ BAK