posturing, he did accuse me of being difficult. As stated in my previous declaration, dated January 16, attached:

> It was about 2p at this point, and Mr. Master stated that I was being difficult. I wanted to make sure that he understood that I was in no way being difficult, and was in fact trying to answer all of his questions, with the best information possible, given the limited answers he was able to provide to me, while at the same time making sure that his incorrect misstatements were identified. I asked him to confirm that I had in fact answered ALL of his questions that he had posed to me up until that point. He said that there were two lingering questions. He reasked them. I reanswered them. I then reasked if I had answered ALL of his questions to this point. His answer was essentially: although he may (or may not) have some follow-up questions, at some point in the future, that, at this point, the answer was "Yes." However, he had also stated that we were just beginning, and that he had many more questions.
>
> Then, immediately following his "Yes" answer, I explained that I did not previously appreciate being accused of being difficult. I requested that, in order to have a good and clear record of our conversation, so that any future such allegation could be clearly addressed, that we record the call from that point forward. Mr. Master then, and extremely abruptly, without any conversation or dialog, said virtually exactly 4 words: "This call is terminated," and then hung up.

27. It is my understanding that other City employees commonly use Ms. Kopp's computer, and that Council people have also been allowed to use City employees' computers. Based on this understanding, it is my opinion that the computers likely to contain relevant evidence be expanded beyond the simple list of the 3 names of: Mr. Rice, Mr. Loventhal, and Mr. Wright.

10

PADGETT v. CITY OF MONTE SERENO, et al.                           CASE NO. C-04-03946 JW
Declaration of Scott Cooper, CMC

28. It is my understanding that within the last few days, Mr. Master has conveyed that he recently learned of issues related to Mr. Loventhal's "old" laptop. However, I specifically recall from my January 12 conference call, that when this topic arose during the call, Mr. Master refused to produce this computer. His refusal was interpreted by me as a familiarity with the computer and a decision to not produce it, as opposed to his apparently current position that he just learned about its location.

29. In summary, it is my opinion that the ORDER be allowed to stand, and that the designated forensic experts be allowed to perform the work that the court has ordered, and that they be granted the latitude consistent with their extensive experience and expertise, and good judgment to cause the order to be executed with efficient, dependable, and proven methods and processes.

30. Because of the complications that have arisen as a result of Mr. Master's statements, and those of Mr. Cannon and Ms. L'Heureux, as well as the contents of my previous declaration, and a possible need for in-person explanations or clarifications, I offer my availability, on the phone, in chambers, or in court for any related matter or topic.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct and that this declaration was executed on February 5, 2007 at Los Angeles, California.

Scott Cooper, CMC

11

PADGETT v. CITY OF MONTE SERENO, et al.
Declaration of Scott Cooper, CMC

CASE NO. C-04-03946 JW