United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Darla Padgett, et al.,<br><br>        Plaintiffs,<br>  v.<br><br>City of Monte Sereno et al.,<br><br>        Defendants.<br>_____/ | NO. C 04-03946 JW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS AND REFERRING DEFENDANTS' MOTION FOR CLARIFICATION TO THE SPECIAL MASTER** |

## I. INTRODUCTION

Plaintiffs Joseph and Darla Padgett ("Plaintiffs") move for terminating sanctions, monetary sanctions, and entry of default judgment against Defendants City of Monte Sereno, Brian Loventhal, Erin Garner, A. Curtis Wright, Mark Brodsky, Barbara Nesbet, David Baxter, and Lisa Rice ("Defendants") based on Defendants' failure to permit discovery pursuant to a Court Order and for spoliation of evidence. The Court conducted a hearing on March 12, 2007. Based on the papers submitted to date and the arguments of the parties at the hearing, the Court reserves its ruling with respect to terminating sanctions or entry of default judgment. However, the Court imposes monetary sanctions for spoliation of evidence.

## II. BACKGROUND

The factual allegations of this case may be found in the Court's Order Partially Granting Defendants' Motion to Dismiss Without Prejudice. (See Docket Item No. 26.) The relevant procedural history to the current motion is as follows:

Plaintiffs initiated the underlying action on September 17, 2004, and filed the Second Amended Complaint on January 9, 2006. (Second Amended Complaint for Violation of Civil Rights (42 U.S.C. § 1983); Violation of California Civil Code § 52.1; Abuse of Process; Civil Extortion; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress, hereafter, "SAC," Docket Item No. 115.) Among other things, the Second Amended Complaint alleged that certain employees of the City of Monte Sereno sent Plaintiffs an anonymous, threatening letter in March 2004. (SAC ¶¶ 52-54.) Enclosed with the letter was a newspaper article from 1994, downloaded off the Internet, that had reported Mr. Padgett's conviction of a misdemeanor crime. Id. at ¶ 52.

In 2005, City employee Lisa Rice admitted to authoring and sending the threatening letter from her workstation at City Hall. (See Declaration of Todd H. Master in Opposition to Plaintiffs' Motion for Terminating Sanctions at ¶ 58, Ex. D, Docket No. 296.) Rice indicated that she wrote the letter at her own direction without telling anyone about it. Id. According to Plaintiffs, however, Rice wrote the letter at the direction of other City employees, including City Manager Brian Loventhal. (SAC ¶ 54.) To explore this allegation, Plaintiffs brought a Motion to Compel inspection of the City's computers, printers, and backup tapes. (Notice of Motion and Motion to Compel Further Responses for Production of Documents and to Allow Inspection of Computer Equipment, Docket No. 118.)

On March 20, 2006, Judge Seeborg denied the Motion to Compel on the ground that the burden and expense to the City outweighed the potential benefit of the inspection. (Order re Demand to Inspect Computer Systems at 3, Docket Item No. 201.) On March 27, 2006, Plaintiffs filed a motion for reconsideration before the Court. (Objections and Request for District Court to Reconsider Magistrate Judge's Ruling on Plaintiffs' Demand to Inspect Computer System, Docket Item No. 218.) The Court conducted a hearing on April 14, 2006. At the hearing, the Court specifically ordered counsel to "continue to preserve everything." Counsel for the City asked the Court to permit that the computers in question remain in use and represented that "nothing is being

deleted." (Transcript at 49.) On December 28, 2006, the Court ordered the inspection of certain computer workstations, hard drives, and laptop computers used by City employees Rice, Wright, and Loventhal. (Order Granting Plaintiffs' Motion to Allow Inspection of Computer Equipment ¶ 1-2, hereafter "Order," Docket Item No. 280.)

In January 2007, Plaintiffs learned that the City had destroyed Loventhal's laptop hard drive in August 2006. (Reply for Sanctions at 11.) According to Defendants, a City employee with no connection to the current litigation serviced Loventhal's laptop after it had "crashed," and then inadvertently discarded the defective hard drive. (Notice of Motion and Motion for Protective Order re: Computer Inspection/Clarification of December 28, 2006 Order, Declaration of Sue L'Heureux ¶ 4.)

Plaintiffs dispute the City's explanation for replacing and discarding the laptop hard drive, and point to other deficiencies in Defendants' discovery responses as evidence of sanctionable discovery abuse. (Reply for Sanctions at 2-4, 6-8.) In a separate and related motion, Defendants indicate that these perceived "deficiencies" result from the parties' confusion over the manner of discovery under the Order, and request an order of clarification or a protective order. (Notice of Motion and Motion for Protective Order re: Computer Inspection/Clarification of December 28, 2006 Order, hereafter "Motion for Protective Order," Docket Item No. 290.)

Presently before the Court are (1) Plaintiffs' motion for terminating sanctions, monetary sanctions, and entry of default judgment; and (2) Defendants' motion for an order of clarification or a protective order.

### III. DISCUSSION

**A.  Plaintiffs' Motion for Sanctions**

Plaintiffs request terminating sanctions, attorneys fees, and entry of default judgment on the ground that (1) Defendants had a duty to preserve the hard drive on Loventhal's computer laptop, (2) Defendants destroyed the hard drive in bad faith, and (3) Plaintiffs' are prejudiced by the spoliation. (Motion at 8-11.) Defendants do not dispute they had a duty to preserve the laptop computer hard

1 drive. (Opposition to Sanctions at 8.) However, Defendants contend that sanctions are not
2 warranted because Defendants did not act in bad faith and Plaintiffs will not suffer any prejudice.
3 (Opposition to Sanctions at 8-13.)

4 Spoliation of evidence occurs when a party (1) destroys evidence after receiving "some
5 notice" that the evidence was potentially relevant to litigation; and, in so doing, (2) impairs the non-
6 spoiling party's ability to go to trial, or threatens to interfere with the rightful decision of the case.
7 United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 604 (9th Cir. 1988);
8 United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002). Sanctions for
9 spoliation of evidence may be imposed under the court's inherent powers, or alternatively, if the
10 spoliation violates a court order, under Federal Rule of Civil Procedure 37(b). See Unigard Sec. Ins.
11 Co. v. Lakewood Engineering & Mfg. Corp., 982 F.2d 363, 367-68 (9th Cir. 1992).

12 The trial court has broad discretion to fashion, on a case-by-case basis, an appropriate
13 sanction for spoliation. Id. at 367. Sanctions may include monetary sanctions, issue-preclusion
14 sanctions, evidentiary sanctions, terminating sanctions, or entry of default judgment. See
15 Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995). However,
16 sanctions resulting in dismissal or entry of default judgment are authorized only in "extreme
17 circumstances" where the spoliation is "due to willfulness, bad faith, or fault" and results in such
18 unfair prejudice that no lesser remedy can cure the harm. In re Exxon Valdez, 102 F.3d 429, 432-33
19 (9th Cir. 1996); United States v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988).

20 The Court proceeds to consider whether sanctions are appropriate.

21 **1. Defendants discarded the laptop hard drive with notice of its potential
22      relevance.**

23 The parties dispute whether Defendants acted in "bad faith" when they discarded
24 Loventhal's laptop hard drive. According to Defendants, Ms. L'Heureux—a City employee with no
25 involvement in the current litigation—inadvertently threw away Loventhal's hard drive under the
26 false impression that the litigation involving Padgett and the City had settled. (Opposition to

4

Sanctions at 2; see also Notice of Motion and Motion for Protective Order re: Computer Inspection/Clarification of December 28, 2006 Order, Declaration of Sue L'Heureux ¶ 4.) Plaintiffs contend that, even if Ms. L'Heureux acted negligently, Loventhal acted in bad faith by allowing Ms. L'Heureux to discard the laptop hard drive. (Reply for Sanctions at 11.)

When a party despoils potentially relevant evidence, the trial court need not make a finding of bad faith before imposing corrective sanctions. See Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993); Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993); Unigard, 982 F.2d at 368 n. 2. As the Ninth Circuit has noted, "a finding of bad faith will suffice, but so will simple notice of 'potential relevance to the litigation.'" Glover, 6 F.3d at 1329 (9th Cir. 1993) (quoting Akiona, 938 F.2d at 161).

In this case, the City and Loventhal had notice as early as March 27, 2006 that Plaintiffs sought to compel inspection of his laptop hard drive. Though the Court did not issue its Order until December 28, 2006, the Court made it clear on the record that it intended to allow the computers' inspection with narrowing parameters. The Court specifically ordered that the City continue to "preserve everything." In fact, counsel for the City represented that "nothing is being deleted." Interestingly, at the hearing on this motion, counsel for the City informed the Court that his clients have now just "found" the discarded "crashed" laptop hard drive. No further explanation is provided other than the hard drive has "appeared."

The Court finds that the City and Loventhal have failed to take adequate precautions to preserve Loventhal's computer equipment for forensic analysis. Whether characterized as willful or negligent, Loventhal's conduct constitutes the kind of "fault" sufficient to warrant sanctions, including dismissal, under the Court's inherent powers. Glover, 6 F.3d at 1329; Henry, 983 F.2d at 948; Unigard, 982 F.2d at 368 n. 2.

The parties also dispute whether Plaintiffs will suffer prejudice as a result of the despoiled hard drive. Plaintiffs contend that the spoliation will prevent them from finding positive evidence of collusion between Loventhal and Rice. (Reply for Sanctions at 14.) Defendants contend that

1  Plaintiffs have access to other sources of evidence to investigate their conspiracy claim—namely,
2  the City's network server and Rice's computer hard drive. (Opposition to Sanctions at 12.) In
3  addition, Defendants offer Ms. L'Heureux for a second deposition so Plaintiffs may investigate the
4  circumstances surrounding the spoliation. (Opposition to Sanctions at 9.)

5  Prejudice may exist if the spoiling party's conduct forces the non-spoiling party to "rely on
6  incomplete and spotty evidence" at trial. Anheuser-Busch, Inc., 69 F.3d at 354. Prejudice may also
7  exist if the spoiling party's conduct prevents the non-spoiling party from preparing for a
8  fast-approaching trial date. Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997). The
9  availability of secondary sources of evidence to compensate for the despoiled evidence lessens any
10  risk of prejudice at trial. See Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc., 306 F.3d 806,
11  825 (9th Cir. 2002).

12  At this time, the Court reserves its determination as to whether the spoliation of Loventhal's
13  laptop hard drive has prejudiced Plaintiffs to the extent that would warrant the imposition of
14  terminating sanctions.

15  **2.     Plaintiffs are entitled to monetary sanctions.**

16  As discussed above, the Court reserves it determination as to whether terminating sanctions
17  are appropriate at this time. The Court will revisit this question once the inspection process is
18  completed. However, the Court finds that Plaintiffs have suffered some prejudice as a result of the
19  spoliation, including the additional expense and delay associated with getting their expert ready for
20  the inspection and in filing this motion. Glover, 6 F.3d at 1329; Wiltec Guam, Inc., 857 F.2d at 604.
21  Accordingly, the Court imposes the following sanctions:

22  1.   Defendants shall reimburse to Plaintiffs all costs associated to the filing of this
23        motion and any subsequent supplement briefings. This includes, but is not limited to,
24        Plaintiffs costs for travel to the hearing and time spent researching and gathering
25        evidence to present this motion.

28  6

2. Defendants shall pay for the cost of Plaintiffs' expert, up to this point, with respect to any dislocation of his services.

3. Defendants shall bear the cost of the Special Master, Mr. Tom Denver, that the Court has already put in place to manage the discovery process.

**B.** **Defendants' Motion for Clarification**

Defendants request clarification of the following items not specifically addressed in the Order: (1) the scope of inspection; (2) the manner of inspection; (3) the search criteria; and (4) the protection afforded privileged information. (Memorandum of Points and Authorities in Support of Motion for Protective Order re: Computer Inspection/Clarification of December 28, 2006 Order at 10-15, hereafter "Motion for Protective Order," Docket Item No. 290.)

The Court has appointed a Special Master to manage the discovery process with respect to the examination of the computers and servers. The Special Master is fully empowered to resolve any disputes arising out of the examination. Accordingly, the Court refers Defendants' motion for clarification to the Special Master. Defendants shall contact the Special Master and renotice this motion pursuant to the Special Master's rules and procedures.

## IV. CONCLUSION

The Court GRANTS Plaintiffs' motion for monetary sanctions. The Court RESERVES ruling on Plaintiffs' motion for terminating sanctions, striking of answers, or entry of default judgment.

Dated: March 20, 2007

JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Darla Kaye Padgett Actiontkr@aol.com
Joseph C. Howard jhoward@hrmrlaw.com
Todd H. Master tmaster@hrmrlaw.com

**Dated: March 20, 2007**                                         **Richard W. Wieking, Clerk**

                                                                  **By:   /s/ JW Chambers** _____
                                                                        **Elizabeth Garcia**
                                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California