IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Darla Padgett, et al., | NO. C 04-03946 JW |
| Plaintiffs, | **ORDER ADOPTING DISCOVERY ORDER NUMBER 10** |
| v. | |
| Brian Loventhal, et al., | |
| Defendants. | |

## I. INTRODUCTION

On September 25, 2007, the Special Master issued Recommended Discovery Order Number Ten which awarded monetary sanctions to Plaintiffs pursuant to the Court's prior Order. (Discovery Order Number 10, hereafter, "Discovery Order," Docket Item No. 431.) Presently before the Court is Defendants' Objection to the Special Master's order. (hereafter, "Objection," Docket Item No. 430.)

## II. BACKGROUND

On March 20, 2007, the Court granted Plaintiffs' First Motion for Sanctions after finding that Plaintiffs suffered prejudice as a result of Defendants' spoliation of evidence. (Docket Item No. 312.) The Court awarded Plaintiffs compensation for fees related to bringing the motion, including time spent research and preparing the motion and related expenses. (Id.) The Court referred the matter to the Special Master for a determination of the amount of the award. Plaintiffs submitted a statement of costs to which Defendants objected. (See Docket Item Nos. 325 and 329.) The primary dispute was whether a pro se litigant was entitled to fees for time spent researching and gathering

evidence to present a terminating sanctions motion. In a subsequent order, the Court found that it has inherent authority to award attorney fees to pro se litigants in appropriate circumstances and that the award for Plaintiffs' time was grounded in this authority. (See Docket Item No. 399.) However, the Court found Plaintiffs' proof regarding the amounts of certain claims to be insufficient in several regards and ordered them to resubmit their claims with adequate evidence to the Special Master. (Id.)

After reviewing the documents submitted, the Special Master awarded Plaintiffs $13,600 for time spent preparing the motion, $1,745.95 for fees paid to a consulting attorney, and $4,102.70 for fees paid to Plaintiffs' expert. (See Docket Item No. 431.) The total award is $19,448.65.

### III.  DISCUSSION

Defendants object to the award on the grounds that 1) Plaintiff Darla Padgett was unemployed when she prepared the motion and 2) the award of expert fees is not supported by admissible evidence. The Court considers each objection in turn.

**A.    Award of Fees to Darla Padgett**

Defendants contend that the Court only intended to compensate Mrs. Padgett for time taken away from work and that since she was unemployed, she suffered no loss in preparing the motion. (Objection at 5.) To clarify, the Court ordered sanctions for the time Mrs. Padgett spent researching and gathering evidence to prepare the motion, independent of whether she was employed at the time she made the motion. Accordingly, Defendants' objection on this ground is overruled.

**B.    Award of Expert Fees**

Defendants contend that the Special Master erred in awarding expert fees by relying on inadmissible evidence and improperly examining the evidence submitted. (Objection at 7).

First, with respect to the evidentiary objection, Defendants contend that the invoice submitted by Plaintiffs to prove their expert fees is inadmissible hearsay. Under Federal Rule of Evidence 803(6), business records are an exception to the hearsay rule. The Ninth Circuit has held that bills and invoices from an attorney are business records within the meaning Rule 803(6) and are admissible by a party to prove that party's attorney fees. MRT Const. Inc. v. Hardrives, Inc., 158

F.3d 478 (9th Cir. 1998). In this case, Defendants have failed to present any authority to suggest that a different rule applies to bills and invoices submitted by an expert. Accordingly, the invoice from Plaintiffs' expert falls within the Rule 803(6) exception to the hearsay rule and is admissible evidence. Thus, Defendants' objection on this ground is overruled.

Second, with respect to the sufficiency of the evidence, Defendants contend that the Special Master failed to make a specific finding that any of the expert's expenses "are clearly related" to assisting Plaintiffs in the preparation of their motion. (Objection at 7.) However, this contention ignores the explicit statement made by the Special Master, i.e., "Most of the entries seem, *unequivocally*, to be related to assisting plaintiffs with the subject motion." (Discovery Order at 3, emphasis added.) Accordingly, Defendants' objection on this ground is overruled.

## VI.  CONCLUSION

The Court finds that the Special Master's findings are not clearly erroneous. Defendants' objections are OVERRULED. Recommended Discovery Order Number Ten is ADOPTED as an Order of the Court without modification.

Dated:  October 19, 2007

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Darla Kaye Padgett Actiontkr@aol.com
Joseph C. Howard jhoward@hrmrlaw.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated:  October 19, 2007**                              **Richard W. Wieking, Clerk**

                                                       **By:   /s/ JW Chambers**
                                                               **Elizabeth Garcia**
                                                               **Courtroom Deputy**