IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Darla Padgett, et al., | NO. C 04-03946 JW |
| Plaintiffs, | **ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTION TO DISCOVERY ORDER NUMBER SEVENTEEN** |
| v. | |
| City of Monte Sereno, et al., | |
| Defendants. | |

## **I. INTRODUCTION**

The parties are currently working with the Special Master in order for Defendants to disclose to Plaintiffs certain documents found on Defendants' hard drives. The Court previously ordered that only privileged documents may be withheld from Plaintiffs. (See Docket Item No. 453.) On December 5, 2007, the Special Master issued recommended Discovery Order Number 17 in which he listed the documents he found to be privileged. (See Docket Item No . 457.)

Presently before the Court is Defendants' objection to the Special Master's finding that four documents are not protected by the attorney work product privilege or the attorney-client privilege. (hereafter, "Objection," Docket Item No. 463.)

## **II. STANDARDS**

The Court applies federal law when determining whether documents are privileged. Fed. R. Evidence 501. A party asserting a privilege bears the burden of establishing it. Fed. R. Civ. P. 26(b)(5). Under the attorney-client privilege, confidential communications made by a client to an

attorney to obtain legal services are protected from disclosure. Clarke v. American Commerce Nat. Bank, 974 F.2d 127, 129 (9th Cir. 1992). Since the attorney-client privilege has the effect of withholding relevant information from the factfinder, it is applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney. (Id.)

With respect to attorney work product, Federal Rule of Civil Procedure 26(b)(3), states as follow:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
> . . . .
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The Ninth Circuit has held that a document prepared for both litigation and non-litigation purposes are entitled to the attorney-work product protection if, "taking into account the facts surrounding their creation, their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management), 357 F.3d 900, 910 (9th Cir. 2004).

## III. DISCUSSION

The documents at issue are designated JB Log # 73, # 249-251, #279-280, #329-330.[1] (Objection at 2.) The Court examines each document in turn.

//

---

[1] The documents are not described directly in the Objection. Rather, they are described by reference to the Declaration of Kirsten M. Powell in Support of Defendants' Objection to Discovery Order Number Seventeen. (hereafter, "Powell Decl.") Defendants have concurrently filed an administrative motion to file the Powell Declaration under seal. (See Docket Item No. 464.) Attached as exhibits to the Powell Declaration are the documents at issue. Defendants have provided no reason for why the Powell Declaration itself, as opposed to the exhibits attached, should be filed under seal. Thus the Court DENIES Defendants' motion with respect to the declaration itself. The Court GRANTS Defendants' motion with regard to the exhibits attached to the Powell Declaration. The Court considers the Powell Declaration in ruling on Defendants' Objection.

2

### A. <u>JB Log #73 - Transcript of City Council Meeting</u>

JB Log # 73 is a transcript of Plaintiff Joseph Padgett and non-party Michael Bain and Cindy Bain's remarks made at a meeting of the Monte Sereno City Council held on March 20, 2007. Defendants contend that it is the City's custom to record such meetings and make the recordings available to the public. (Powell Decl. ¶ 4.) However, the City does not ordinarily prepare transcripts from the recordings. (<u>Id.</u>) Defendants state that the transcript was prepared at Defendants' counsel's request specifically for this litigation. (<u>Id.</u>)

Since the documents were prepared specifically for this litigation, the Court finds that the transcript is attorney work product. Since Plaintiffs can prepare their own transcripts from the publicly available recordings, the Court finds that the transcript does not meet the exception of Rule 26(b)(3)(ii). Accordingly, the Court finds that the transcript is not discoverable.

### B. <u>JB Log # 249, 250, and 251</u>

JB Log # 249, 250, and 251 are identical copies of a draft press release prepared by Defendants' counsel concerning this litigation. (Powell Decl. ¶ 5.) The draft was never released to the public. (<u>Id.</u>)

The press release is not communication from the client to the attorney and is therefore not protected by the attorney client privilege. Defendants do not contend that the press release was prepared in "anticipation of litigation or for trial." In addition, Defendant has failed to identified any litigation or trial related purposes for the draft press release. Accordingly, the Court finds the draft press release is not entitled to attorney-work product protection.

### C. <u>JB Log # 279 and 280</u>

JB Log # 279 and 280 are identical copies of a letter prepared on January 7, 2004 by then City Clerk of Monte Sereno, Andrea M. Chelemengos. Defendants state that the letter was written at the request of then City Attorney Robert Logan. (Powell Decl. ¶ 6.) Defendants state that at the time the letter was prepared, the City was contemplating the filing of a restraining order against Mr. Padgett. (<u>Id.</u>)

The letter is addressed "to whom it may concern," rather than to Mr. Logan or any other City Official. There is no indication of the why the letter was written, in what context, or at whose request. Additionally, Defendants fail to show that the letter was not disclosed to third parties or otherwise intended to be confidential. Accordingly, the Court finds that Defendants have not satisfied their burden of showing that the letter was intended to be confidential communication between Defendants and their attorneys. Accordingly, the letter is not protected by attorney-client privilege.

Although Defendants declare that the letter was filed *contemporaneous* with anticipated litigation, they do not state that the letter was prepared *for* such litigation. Thus, the letter is not entitled to attorney work product protection.

### D. JB Log # 329 and 330

JB Log # 329 and 330 are identical copies of a document that summarizes various talking points regarding Monte Sereno. Defendants contend the document is a memorandum prepared by Defendant's counsel for the City Council which was never publicly released. (Powell Decl. ¶ 7.) The Court finds that the document is confidential communication between Defendants and their attorneys and is thus, protected by the attorney-client privilege.

## IV. CONCLUSION

The Court Orders as follows:

1) The Court DENIES Defendants' motion to file under seal the Declaration of Kirsten M. Powell to the extent it seeks to seal the declaration itself.

2) The Court GRANTS Defendants' motion to file under seal the Declaration of Kirsten M. Powell to the extent it seeks to seal the exhibits attached to the declaration.

3) The Court SUSTAINS Defendants' Objection to the Discovery Order Number Seventeen with respect to JB Log # 73, 329, and 330.

4

4) The Court OVERRULES Defendants' Objection to the Discovery Order Number Seventeen with respect to the JB Log # 249, 250, 251, 279, and 280.

Dated: December 20, 2007

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Darla Kaye Padgett Actiontkr@aol.com
Joseph C. Howard jhoward@hrmrlaw.com
Thomas H R Denver tdenver@mediationmasters.com
Todd Holton Master tmaster@hrmrlaw.com

Dated:  December 20, 2007            Richard W. Wieking, Clerk

By:   /s/ JW Chambers
      **Elizabeth Garcia**
      **Courtroom Deputy**