IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Darla Padgett, et al., | NO. C 04-03946 JW |
| Plaintiffs, v. Brian Loventhal, et al., Defendants. | **ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS TO RECOMMENDED DISCOVERY ORDERS NINETEEN AND TWENTY** |

Presently before the Court are Defendants' objections to Recommended Discovery Orders Nineteen and Twenty.[1]

**A.**    **Recommended Discovery Order Nineteen**

On January 16, 2008, the Special Master issued Recommended Discovery Order Nineteen, in which he allowed Plaintiffs to call Dr. Press, Ph.D., a psychologist, as an expert witness. (See Docket Item No. 475.)

Defendants object to the admission of Dr. Press on the ground that Plaintiffs' emotional distress is entirely unrelated to the litigation, and therefore not compensable. (Objection 19 at 2.) Defendants further contend that Plaintiffs' three year delay in designating an expert is inexcusable. (Id.) Finally, Defendants contend that permitting Dr. Press to testify will prejudice them in the form of additional litigation costs. (Id.)

---

[1] (Defendants' Objection to Discovery Order Number Nineteen, hereafter, "Objection 19," Docket Item No. 478; Defendants Objection to Discovery Order Number Twenty, hereafter, "Objection 20," Docket Item No. 481.)

First, Plaintiffs remaining claims are pursuant to 42 U.S.C. § 1983 and emotional distress is recoverable in a § 1983 action if Plaintiffs can prove that such injury was actually caused. See Carey v. Piphus, 435 U.S. 247, 264 (1978). Second, in light of the fact that the Court has vacated the trial pending Defendant Loventhal's appeal, the Court finds that Defendants have not been and will not be prejudiced by Plaintiffs' delay in designating Dr. Press as an expert witness. The Court finds that the Special Master has devised a balanced discovery plan by allowing Defendants to conduct additional depositions.

Accordingly, the Court OVERRULES Defendants' objection to Recommended Discovery Order Nineteen. The Court adopts the Special Master's Discovery Order Nineteen.

**B.      Recommended Discovery Order Twenty**

The parties are currently working with the Special Master to resolve disputes regarding disclosure of certain documents found on Defendants' hard drives. The Court previously ordered that only privileged documents may be withheld from Plaintiffs. (See Docket Item No. 453.) On January 16, 2008, the Special Master issued Recommended Discovery Order Twenty, in which he listed the documents he found to be privileged. (See Docket Item No. 476.)

Defendants object to the Special Master's finding that ten documents are not protected by the attorney-client privilege or the deliberative processes privilege.[2] (Objection 20 at 2.)

**1.      Standards**

The scope of an evidentiary privilege in a 42 U.S.C. § 1983 civil rights action is a question of federal law. Breed v. U.S. Dist. Court for Northern Dist. of California, 542 F.2d 1114 (9th Cir. 1976). The party asserting a privilege bears the burden of establishing it. Fed. R. Civ. P. 26(b)(5).

---

[2] Defendants have filed an administrative motion to file these documents under seal. (Defendants Administrative Motion to File Under Seal "Exhibit A" of the Declaration of Matthew J. Jensen in Support of Defendants' Objection to Discovery Order Number Twenty, Docket Item No. 482.) The Court construes the motion as an attempt to lodge the documents with the Court for evaluation of Defendants' objection. The Court has considered the documents in ruling on Defendants' objection. Thus, the Court DENIES Defendants' motion as moot.

2

Under the attorney-client privilege, confidential communications made by a client to an attorney to obtain legal services are protected from disclosure. Clarke v. American Commerce Nat. Bank, 974 F.2d 127, 129 (9th Cir. 1992). Since the attorney-client privilege has the effect of withholding relevant information from the fact-finder, it is applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney. (Id.)

In civil litigation, federal courts recognize a deliberative process privilege for "pre-decisional, non-factual, non-public communications" occurring "among county officials and their staff." Newport Pacific Inc. v. County of San Diego, 200 F.R.D. 628, 638 (S.D. Cal. 2001); U.S. v. Irvin, 127 F.R.D. 169, 172 (C.D. Cal. 1989); see also In re Franklin National Bank Securities Litigation, 478 F. Supp. 577, 580-81 (E.D.N.Y. 1979); but see United States v. Gillock, 445 U.S. 360 (1980) (holding that state legislator's private, deliberative communications were admissible in a federal criminal prosecution). The privilege does not apply to "after-the-fact recollections and/or justifications." Newport Pacific, Inc., 200 F.R.D. at 637. Application of the privilege involves a two step process. Id. First, the discovery opponent must show that the privilege applies to the information at issue. Id. Second, the court must balance the need for disclosure against the need for governmental secrecy. Id.

**2.     Discussion**

In Discovery Order Number Twenty, the Special Master found that documents labeled JB Log Nos. 5261 and 6634-6642 were not privileged.

### a.     Document 5261

Defendants contend that Document 5261 is protected by the attorney client privilege. Document 5261 is an email from Kirsten Powell to Defendant Brian Loventhal.[3] Ms. Powell is Monte Sereno's outside counsel. The email provides advice to Defendant Loventhal regarding discussions with the City Council. The Court finds that this communication is protected by the

---

[3] (Declaration of Matthew Jensen in Support of Defendants' Objection to Discovery Order Number Twenty, Ex. A., hereafter, "Jensen Decl.," filed under seal.)

3

1 attorney-client privilege. Accordingly, the Court SUSTAINS Defendants' objection with regard to
2 this document.

### b. Documents 6634 - 6642

Defendants contend that Documents 6634-6642 are protected by the attorney-client privilege and the deliberative process privilege. Document 6634-6642 are essentially identical documents containing a series of emails between former council member Mark Brodsky, council member and former mayor David Baxter, and Defendant Brian Loventhal. The emails discuss agenda items for an upcoming city council meeting. Defendants contend that these discussions represent Defendant Loventhal's repetition of advice obtained from the city attorney. Defendants further contend that the communications are deliberative discussions.

The Court finds that these emails are not covered by either privilege principals. First, the emails are not communications between an attorney and Defendant Loventhal. Second, the emails do not include any references to the city's attorney or any advice allegedly received from an attorney. Third, the emails are discussions between a city executive and city legislators. Defendants have not provided any authority for the proposition that the deliberative process privilege applies to discussions between the various branches of government. Finally, the discussions are not pre-decisional in that they do not to include items on the agenda for the upcoming council meeting. Rather, in the emails, Defendant Loventhal merely explains his decision regarding the agenda. Thus, the Court finds that Defendants have not satisfied their burden of showing that the documents are privileged. Accordingly, the Court OVERRULES Defendants' objection with regard to these documents.

### C. Conclusion

The Court OVERRULES Defendants' objection to Recommended Discovery Order Nineteen. The Court adopts the Special Master's Discovery Order Nineteen.

The Court SUSTAINS Defendants' objection to Recommended Discovery Order Twenty with regard to Document 5261 and OVERRULES Defendants' objection with regard to Documents 6634-6642.

Defendants shall produce these documents in accordance with the Special Master's Order.

Dated: February 13, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Darla Kaye Padgett Actiontkr@aol.com
Joseph C. Howard jhoward@hrmrlaw.com
Thomas H R Denver tdenver@mediationmasters.com
Todd Holton Master tmaster@hrmrlaw.com

**Dated: February 13, 2008**  **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
     **Elizabeth Garcia**
     **Courtroom Deputy**