IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Darla Padgett, et al., | NO. C 04-03946 JW |
| Plaintiffs, | **ORDER OVERRULING DEFENDANTS' OBJECTIONS TO RECOMMENDED DISCOVERY ORDER NO. 25** |
| v. | |
| Brian Loventhal, et al., | |
| Defendants. | |

The parties have been working through a Special Master to obtain information contained on Defendants' hard drives. On March 5, 2008, the Special Master issued Recommended Discovery Order Number 25. (See Docket Item No. 493.) Presently before the Court is Defendants' objections to Recommended Discovery Order Number 25. (Defendants' Objections and Request for District Court to Reconsider Special Master's Discovery Order No. 25, hereafter, "Objection," Docket Item No. 496.)

Discovery Order No. 25 resulted from Defendants' efforts to obtain a copy of data imaged from Defendants' hard drives by Plaintiffs' experts at Plaintiffs' expense. The process of imaging the hard drives was the matter of significant dispute and formed the basis of the Special Master's appointment. (See Docket Item No. 306.) The Special Master subsequently worked with the parties to develop a plan for the imaging and oversaw the entire process. Plaintiffs' expert imaged Defendants' hard drives during the weekend of May 4-6, 2007. Plaintiffs bore the entire cost of this process.

1   At the time of the imaging, Defendants were given the option of ordering a copy of the imaged data. Defendants chose not to do so. Several months later, Defendants sought a copy of the imaged data. Plaintiffs set forth the costs of such a copy at approximately $67,615.61. The parties later agreed to allow Defendants to make a copy and reserve the question of appropriate reimbursement. In Discovery Order No. 25, the Special Master ordered Defendants to pay $32,652.79 for the copy.

Defendants contend that this charge is excessive because the actual cost of creating the copies is only a few thousand dollars. The Special Master found Defendants' arguments without merit because they failed to consider the costs incurred to produce the imaged data in the first instance. The Special Master found that Defendants were on notice from the time the hard drives were imaged that they would have to pay for their copy and that they would not be able to piggy back on Plaintiffs' efforts. The Special Master concluded that a reasonable reimbursement is half of the cost of the original imaging.

The Court finds that the Special Master acted within his discretion in determining a reasonable reimbursement. It was clear from the beginning that the cost of producing the imaged data was significantly more than a few thousand dollars. If Defendants had chosen to participate in the initial imaging process, they would have been expected to contribute toward the total costs. Thus, half of the initial imaging cost is a reasonable charge.

Accordingly, the Court OVERRULES Defendants' Objection to Discovery Order No. 25.

Dated: March 28, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Darla Kaye Padgett Actiontkr@aol.com
Joseph C. Howard jhoward@hrmrlaw.com
Thomas H R Denver tdenver@mediationmasters.com
Todd Holton Master tmaster@hrmrlaw.com

**Dated: March 28, 2008**                                         **Richard W. Wieking, Clerk**

                                                                  **By:   /s/ JW Chambers
                                                                        Elizabeth Garcia
                                                                        Courtroom Deputy**

**United States District Court**
For the Northern District of California