IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Darla Padgett, et al., | NO. C 04-03946 JW |
| Plaintiffs, | **ORDER OVERRULING DEFENDANTS' OBJECTIONS TO RECOMMENDED DISCOVERY ORDER NO. 32** |
| v. | |
| Brian Loventhal, et al., | |
| Defendants. | |

The parties have been working through a Special Master to complete discovery. On August 19, 2008, the Special Master issued Discovery Order Number 32. (See Docket Item No. 541.) Presently before the Court is Defendants' Objections to Discovery Order Number 32. (Defendants' Objections and Request for District Court to Reconsider Special Master's Discovery Order No. 32, hereafter, "Objection," Docket Item No. 544.)

Discovery Order Number 32 concerns disputes over (1) whether Defendants should bear the expense of having Plaintiffs' expert Bates stamp documents that have already been stamped with Defendants' "Berryhill" numbers; (2) whether Defendants should have to review and produce BAK and DAT files that they have collected; and (3) whether Plaintiffs should be required to return materials alleged by Defendants to be privileged.

**A.   Bates Stamps**

The Special Master ordered as follows:

> on a review of all material submitted to the Special Master, as well as oral argument . . . the appropriate labeling system for the material produced from the imaging process is that utilized by Mr. Cooper. Going forward, for use in any discovery practice and at trial, it

will be the Cooper labeling system that will be utilized. All material produced in connection with the computer imaging process shall be available at [the] time of trial in electronic form and shall be readily identifiable and searchable in that form.

(Discovery Order Number 32 at 3.)

On May 11, 2007, the Court ordered Defendants to bear the expense of having Plaintiffs' expert Bates stamp documents. Certain documents were stamped by Defendants using "Berryhill" numbers because they were given to Defendants by Plaintiffs' expert without Bates numbers. (Objection at 7.) On this basis, Defendants contend that they should not have to pay for these documents to be re-numbered.

The issue of Bates numbering is properly within the Special Master's discretion. (See Docket Item No. 306.) In order for this case to have an orderly trial and for discovery to proceed in an organized fashion, a uniform numbering system is required. Thus, there is nothing that suggests the Special Master has abused his discretion.

Accordingly, the Court OVERRULES Defendants' first objection to Discovery Order Number 32.

**B.     Review and Production of BAK and DAT Files**

The Special Master ordered Defendants to review immediately all BAK and DAT files that have been collected, and produce a privilege log within ten days. (Discovery Order Number 32 at 3.) Defendants contend that they have not been able to create readable versions of these files and that the effort required to do so would be wasteful because they do not contain relevant material. (Objection at 6.)

As the Special Master stated in the order, these files "were not excepted from those to be searched and produced and are to be made available . . . ." (Discovery Order Number 32 at 3.) The Special Master has been given authority to resolve all discovery disputes in this matter. Here, the Special Master has determined that these files may contain relevant documents and must be searched.

Accordingly, the Court OVERRULES Defendants' second objection to Discovery Order Number 32.

2

## C. Return of Privileged Material

The Special Master denied Defendants' request that Plaintiffs return certain documents claimed by Defendants to be privileged. Defendants contend that Plaintiffs have come into the possession of privileged documents through their expert, and that it is beyond the Special Master's discretion to allow Plaintiffs to keep such documents. (Objection at 2-3.)

The Special Master provided the following explanation as to why no documents need to be returned to Defendants:

> [Defendants] request that all imaged material (not just the privilege material) be returned to them and, essentially, that the imaging process be redone. . . . Defendants have provided absolutely no information that [Plaintiffs' expert] has *inappropriately* released any privileged materials to Plaintiffs. Rather, it seems very clear from the record that to the extent any privilege material has been provided to plaintiffs, it has been the direct result of Defendants' incomplete privilege logs. . . . The Special Master finds no basis for "undoing" the imaging process and finds, further, that it should go forward pursuant to the guidelines already established.

(Discovery Order Number 32 at 3-4.)

In light of the Special Master's finding that Plaintiffs' expert has not inappropriately released privileged material and his implication that returning documents would be impracticable, the Court OVERRULES Defendants' third objection to Discovery Order Number 32.

To the extent Defendants have evidence that Plaintiffs' expert did not follow the designated protocol for discovery in this case, they may renew their Objection.

In sum, the Court OVERRULES Defendants' Objections to the Special Master's Recommended Discovery Report No. 32

Dated: October 2, 2008

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Darla Kaye Padgett Actiontkr@aol.com
Joseph C. Howard jhoward@hrmrlaw.com
M. Jeffery Kallis M_J_Kallis@Kallislaw.org
Thomas H R Denver tdenver@mediationmasters.com
Todd Holton Master tmaster@hrmrlaw.com

| | |
|---|---|
| **Dated:  October 2, 2008** | **Richard W. Wieking, Clerk** |
| | **By:      /s/ JW Chambers** |
| | **Elizabeth Garcia** |
| | **Courtroom Deputy** |