IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Darla Padgett, et al., | NO. C 04-03946 JW |
|         Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION REQUESTING TO SERVE LISA RICE THROUGH PUBLICATION** |
|   v. | |
| Brian Loventhal, et al., | |
|         Defendants. | |

Presently before the Court is Plaintiffs' Motion Requesting to Publicize the Clerk's Order of Default Against Lisa Rice.[1] (hereafter, "Motion," Docket Item No. 540.)

On July 30, 2008, the Clerk of Court filed a Notice of Entry of Default ("Clerk's Notice") as to Defendant Lisa Rice ("Rice"). (See Docket Item No. 533.) Plaintiffs seek to publicize the Clerk's Notice in order to "proceed with a motion for default judgment." (Motion at 5.)

Under Fed. R. Civ. P. 55(b)(2), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing." If the party against whom default judgment is sought has not appeared personally, then Rule 55 does not require notice of the application. Under Fed. R. Civ. P. 4(e)(1), service upon an individual may be effected in any judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under

---

[1] To date, no opposition to this Motion has been filed by Defendants.

1  Cal. Civ. Proc. Code § 415.50, service can be achieved "by publication if upon affidavit it appears to
2  the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be
3  served in another manner specified in this article and . . . [a] cause of action exists against the party
4  upon whom service is to be made . . . ."

5  If a court grants permission to serve an individual by publication, the court must also "order
6  the summons to be published in a named newspaper, published in this state, that is most likely to
7  give actual notice to the party to be served," and "direct that a copy of the summons, the complaint,
8  and the order for publication be forthwith mailed to the party if his or her address is ascertained
9  before expiration of the time prescribed for publication of the summons."  The publication "shall
10 also be made as provided by Section 6064 of the [California] Government Code unless the court . . .
11 orders publication for a longer period."  Cal. Civ. Proc. Code § 415.50(b)

12 In this case, Plaintiffs appear to concede that Rice has made an "appearance" under Fed. R.
13 Civ. P. 55(b)(2).[2]  Accordingly, Plaintiffs must provide the required notice of the application for
14 default judgment to Defendant Rice.  Rule 55 does not require Plaintiffs to serve Rice with a copy of
15 the Clerk's Notice.

16 Although Plaintiffs have sought the incorrect relief, the Court finds it appropriate to consider
17 whether Plaintiffs should be allowed, pursuant to Fed. R. Civ. P. 4(e)(1) and Cal. Civ. Proc. Code §
18 415.50, to serve Rice with written notice of their application for default judgment via publication.

19 Plaintiffs have asserted multiple causes of action against Defendant Rice.  (See Third
20 Amended Complaint, Docket Item No. 386.)  Thus, the critical issue is whether the affidavit
21 submitted by Plaintiffs shows that Rice "cannot be served with reasonable diligence."  Cal. Civ.
22 Proc. Code § 415.50(a).  Plaintiff Darla Padgett's affidavit describes the following:

---

[2] See In re Roxford Foods, 12 F.3d 875, 879 (9th Cir. 1993) ("The appearance need not necessarily be a formal one, *i.e.*, one involving a submission or presentation to the court.  In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.") (internal quotes omitted); (Declaration of Darla Padgett in Support of Request for the Court's Permission to Publicize the Order of Default Against Defendant Lisa Rice ¶¶ 12, 13, hereafter, "Padgett Decl.," Docket Item No. 540.)

*United States District Court*
For the Northern District of California

- Plaintiffs have previously served copies of all filings to Rice's last known address. Rice is no longer accepting mail at her last known address and the Clerk's Notice of Entry of Default has been returned. (Padgett Decl. ¶ 1, 15.)

- The post office servicing her last known address has no forwarding address. (Padgett Decl. ¶ 1.)

- Plaintiffs have hired process servers that have been unable to locate Rice. (Padgett Decl. ¶ 15.)

The Court finds that these attempts by Plaintiffs sufficiently represent a "systematic investigation and inquiry conducted in good faith" by the Plaintiffs. Thus, Plaintiffs have satisfied their duty to show that Rice cannot be served through the exercise of reasonable diligence. Watts v. Crawford, 10 Cal. 4th 743, 749 n.5 (1995).

Accordingly, the Court GRANTS Plaintiffs' Motion requesting to serve Defendant Rice through publication. The Court orders as follows:

(1) Prior to filing a Motion for Default Judgment, Plaintiffs shall submit for approval by the Court a list of the newspapers and a schedule by which service will be published.

(2) Upon approval, Plaintiffs shall mail a copy of the summons, the Third Amended Complaint and this Order to Defendant Rice's last known address and any subsequent addresses discovered by Plaintiffs.

(3) Publication of the summons shall be made according to Cal. Gov't Code § 6064 and be completed at least three days before the hearing on Plaintiffs' Motion for Default Judgment.

Dated: October 16, 2008

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew Vinson Stearns astearns@loboinc.com
Joseph C. Howard jhoward@hrmrlaw.com
M. Jeffery Kallis M_J_Kallis@Kallislaw.org
Thomas H R Denver tdenver@mediationmasters.com

**Dated: October 16, 2008**                             **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers**
       **Elizabeth Garcia**
       **Courtroom Deputy**

**United States District Court**
For the Northern District of California