United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Darla Padgett, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>Brian Loventhal, et al.,<br><br>    Defendants.<br>_____/ | NO. C 04-03946 JW<br><br>**ORDER SUSTAINING PLAINTIFFS' OBJECTION TO SPECIAL MASTER'S RECOMMENDED DISCOVERY ORDER NO. 41, REMANDING TO SPECIAL MASTER FOR RECONSIDERATION; OVERRULING PLAINTIFFS' OBJECTION TO RECOMMENDED DISCOVERY ORDER NO. 42** |

Presently before the Court are Plaintiffs' Objection to Special Master's Recommended Discovery Order No. 41 and Request for Reconsideration of Plaintiffs' Motion for Monetary Sanctions Against Defendant A. Curtis Wright[1] (hereafter, "Objection 41," Docket Item No. 591) and Plaintiffs' Objection to Special Master's Recommended Discovery Order No. 42 and Request for Reconsideration of Plaintiffs' Motion Regarding Bates Nos. 5253-31028[2] (hereafter, "Objection 42," Docket Item No. 618). The Court addresses each Objection in turn.

**A.    Objection to RDO 41**

On July 2, 2008, the Court issued an Order in which it denied terminating sanctions against Defendant Wright, but invited Plaintiff's to move for monetary sanctions against Defendant Wright,

---

[1] Plaintiffs' Objections were filed on February 9, 2009. Defendants filed an Opposition on February 18, 2009. (See Docket Item No. 41.)

[2] As of February 20, 2009, Defendants have filed no opposition to Objection 42.

based on his alleged abuse of the discovery process. (July 2, 2008 Order at 2-3, hereafter, "July 2 Order," Docket Item No. 525.) The Court referred the issue of monetary sanctions to the Special Master for a report and recommendation. In addition, the Court separately granted sanctions against Defendant Loventhal, in the form of "instruct[ing] the jury that it can presume that [his] conduct . . . was taken by him to conceal evidence which would support the claims of the Plaintiffs with respect to his conduct, and that his conduct would undermine any affirmative defenses which he might raise." (Id. at 3.)

In response to the Court's July 2 Order, Plaintiffs made a motion for monetary sanctions against Defendant Wright to the Special Master. On January 30, 2009, the Special Master denied Plaintiffs' request for monetary sanctions. (Discovery Order No. 41, hereafter, "RDO 41," Docket Item No. 588.) The Special Master's determination was based on his conclusion that the Court's July 2 sanction against Defendant Loventhal "adequately addresses the issues of spoilation or alteration of evidence." (Id. at 2.) The Special Master also stated that he did "not see conduct on the part of defendants justifying monetary sanctions, particularly in view of the presently effective completion of the discovery process." (Id. at 3.)

Upon review of the Special Master's determination in light of the Court's July 2 Order, the Court finds that the Special Master's inquiry was too narrow in that it was limited to sanctions against Defendant Loventhal and allegations of present discovery abuse. The Court's July 2 Order suggested that monetary sanctions against Defendant Wright may be appropriate for his past conduct, in addition to the sanctions the Court imposed on Defendant Loventhal.

Accordingly, the Court SUSTAINS Plaintiffs' Objections and REMANDS to the Special Master the issue of whether monetary sanctions are appropriate against Defendant Wright. On remand, the Special Master shall consider whether there is evidence that Defendant Wright independently engaged in discovery abuses and, if so, the extent of monetary sanctions to which Plaintiffs are entitled on the basis of such conduct.

**B.     Objection to RDO 42**

In Recommended Discovery Order Nos. 39 and 40, the Special Master upheld Defendants' claims of privilege relating to a variety of documents that had inadvertently been released to Plaintiffs. (See Docket Item Nos. 583-84.) Plaintiffs objected directly to the Special Master, contending that both the Special Master and the Court had previously found privilege to have been waived as to those documents. In support of this contention, Plaintiffs cited Recommended Discovery Order No. 32 (hereafter, "RDO 32," Docket Item No. 541), and the Court's October 2, 2008 Order overruling Defendants' objections to RDO 32 (Docket Item No. 556). On February 3, 2009, the Special Master rejected Plaintiffs' contention, stating that neither RDO 32 nor the Court's October 2 Order had found privilege waiver with respect to the disputed documents. The Special Master affirmed his decisions in RDOs 39 and 40. (Recommended Discovery Order No. 42 at 2, hereafter, "RDO 42," Docket Item No. 589.) In so affirming, the Special Master stated that Plaintiffs were over-reading RDO 32 and the October 2 Order, on the ground that neither Order purported to affirm a waiver of privilege. Rather, according to the Special Master, the import of those Orders was to place limits on a request by Defendants to repeat a particular computer imaging process. (Id.)

Upon review of the relevant Orders and Plaintiffs' Objection, the Court finds that the Special Master appropriately determined that no privilege waiver had taken place. There was never an express finding of waiver. Rather, the Special Master's focus in RDO 32 was on repetition of the computer imaging process. Accordingly, in RDO 42, the Special Master appropriately followed RDO 32 and the Court's October 2 Order affirming RDO 32.

Plaintiffs' Objections to RDO 42 are OVERRULED.

Dated:  February 20, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew Vinson Stearns astearns@loboinc.com
Joseph C. Howard jhoward@hrmrlaw.com
M. Jeffery Kallis M_J_Kallis@Kallislaw.org
Thomas H R Denver tdenver@mediationmasters.com

**Dated: February 20, 2009**                          **Richard W. Wieking, Clerk**

                                             **By:   /s/ JW Chambers**
                                                         **Elizabeth Garcia**
                                                         **Courtroom Deputy**