UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH PADGETT, et al.,<br><br>  Plaintiffs,<br><br>   v.<br><br>BRIAN LOVENTHAL, et al.,<br><br>  Defendants. | Case No.  5:04-cv-03946-EJD<br><br>**ORDER DENYING MOTION FOR APPEAL BOND**<br><br>Re: Dkt. No. 1096 |

Presently before the Court is a motion under Federal Rule of Appellate Procedure 7 to compel Plaintiff Joseph Padgett ("Mr. Padgett") to file a bond for attorneys' fees and costs. See Dkt. Nos. 1096, 1097 ("Mot."). This motion was filed by Mr. Padgett's trial counsel, The Law Firm of Kallis & Associates P.C. (the "Kallis Firm") and Bustamante & Gagliasso P.C. (the "Bustamante Firm") (collectively, "Counsel"). Counsel request that Mr. Padgett be required to post a bond of $75,000 to pursue an appeal of this Court's order granting in part and denying in part Plaintiffs' motion for attorneys' fees and costs under 42 U.S.C. § 1988. See Mot. at 8-9. The Court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b), and previously vacated the hearing scheduled for July 2, 2015. Having considered the parties' submissions and the relevant law, Counsel's motion is DENIED.

**I.   BACKGROUND**

   **A.   Underlying Litigation**

In September 2004, Mr. Padgett and Darla Padgett ("Ms. Padgett") commenced the instant action alleging seven claims that included constitutional rights violations, statutory violations, and tortious misconduct that stemmed from a dispute with the City of Monte Sereno, California,

1

Case No.: 5:04-cv-03946-EJD
ORDER DENYING MOTION FOR APPEAL BOND

regarding the enforcement of a fence height ordinance. These claims were asserted against eight defendants that included the City, the City Manager, the Mayor, members of the City Council, and a former City employee.

At commencement of the case, Mr. and Ms. Padgett were represented by the law firm McManis Faulkner & Morgan (the "McManis Firm"). In June 2006, the McManis Firm moved to withdraw as counsel, and the Court granted this request. In September 2008, the Kallis Firm and the Bustamante Firm moved to serve as counsel of record for Mr. and Ms. Padgett, which the Court granted.

By the time trial commenced in May 2009, only two claims remained—violations of the First and Fourteenth Amendments—asserted against two defendants. Counsel represented Mr. and Ms. Padgett during the jury trial. The jury returned a verdict for Mr. Padgett on one claim asserted against one defendant, and awarded him nominal damages of $1.00 and punitive damages of $200,000. During post-trial motions, the Court remitted the punitive damages award to $10,000. The jury rejected all of Ms. Padgett's claims.

### B. Procedural History

After the trial, Mr. Padgett moved for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Two requests were submitted: the first was on behalf of Counsel, and the second was on behalf of the McManis Firm. See Dkt. Nos. 945, 951. In June 2010, the judge who presided over the trial, Judge James Ware, awarded Mr. Padgett $500,000 in attorneys' fees and $100,000 in costs. See Dkt. No. 995 at 8, 10. Defendants appealed the decision to the Ninth Circuit. See Dkt. No. 1000. In February 2013, the Ninth Circuit vacated and remanded because the district court did not explain how the court calculated the amount awarded for attorneys' fees and costs. See Dkt. No. 1023 at 5-6. Upon remand, this case was reassigned to the undersigned judge. See Dkt. No. 1030.

In October 2013, a case management conference was held to discuss renewed motions for attorneys' fees and costs. See Dkt. No. 1039. Since the undersigned did not preside over the trial and given this action's extensive history, the Court instructed all parties seeking an award of

2
Case No.: 5:04-cv-03946-EJD
ORDER DENYING MOTION FOR APPEAL BOND

attorneys' fees and costs to submit new motions for such relief. See Dkt. No. 1040. Specifically, the Court ordered Mr. Padgett to submit a motion for any fees sought on behalf of the McManis Firm, and instructed Counsel to submit a motion supporting their own request for any fees sought in connection with their representation. Id.

Mr. Padgett did not file a motion for attorneys' fees and costs as instructed by the Court, nor did he request relief from the motion-filing deadline. See Dkt. No. 1054 at 2. Due to his failure to file a timely motion, the Court found that Mr. Padgett had forfeited his ability to seek fees and costs on behalf of the McManis Firm. See id. Thereafter, Mr. Padgett filed a motion for leave to file a motion for reconsideration, stating that he had already filed a motion for attorneys' fees and costs on behalf of the McManis Firm several years before, and that nothing had changed to warrant a new filing. See Dkt. No. 1056 at 2. The Court denied Mr. Padgett's motion because he had failed to notify the Court of his inability to renew his motion prior to the motion-filing deadline. See Dkt. No. 1057. Counsel, however, did submit a timely motion for attorneys' fees and costs incurred during their representation of Mr. Padgett. See Dkt. Nos. 1050; 1054 at 2. In March 2015, after reviewing Counsel's arguments and itemized billings, the Court awarded Mr. Padgett $471,056.64 in attorneys' fees and $100,000 in costs for services provided by Counsel. See Dkt. No. 1087 at 14.

In April 2015, Mr. Padgett filed a notice of appeal from the second order on attorneys' fees and costs. See Dkt. No. 1090. In May 2015, Counsel filed the instant motion, seeking to compel Mr. Padgett to file an appeal bond. See Dkt. No. 1096. Mr. Padgett filed an opposition brief, and Counsel filed a reply brief. See Dkt. Nos. 1105, 1106.

## II. LEGAL STANDARD

Federal Rule of Appellate Procedure 7 govern appeal bonds: "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." "[T]he purpose of [an appeal bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." Fleury v. Richemont N. Am., Inc., No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (Chen, J.)

(citations omitted). The district court has discretion to determine the need for a bond, as well as the amount of the bond. Id.

As to the bond amount, Federal Rule of Appellate Procedure 39(e) defines the "costs on appeal" that are taxable in the district court:

> (1) the preparation and transmission of the record;
> (2) the reporter's transcript, if needed to determine the appeal;
> (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
> (4) the fee for filing the notice of appeal.

While attorneys' fees are not specifically enumerated in Rule 39, the Ninth Circuit has held that "a district court may require an appellant to secure appellate attorney's fees in a Rule 7 bond . . . only if an applicable fee-shifting statute includes them in its definition of recoverable costs, and only if the appellee is eligible to recover such fees." Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 953 (9th Cir. 2007). The mere existence of a fee-shifting statute is not sufficient; "[r]ather, the statute must specifically define 'costs' to include attorney's fees." In re Heritage Bond Litig., 233 Fed. Appx. 627, 630-31 (9th Cir. 2007). In the context of civil rights litigation where attorneys' fees are sought pursuant to § 1988, however, the Ninth Circuit has held that attorneys' fees are not considered "costs" under Rule 39. Family PAC v. Ferguson, 745 F.3d 1261, 1269 (9th Cir. 2014).

### III. DISCUSSION

Counsel argues that the costs on appeal are not trivial since this case is heading to the Ninth Circuit for the fourth time. Mot. at 10. They contend that, at a minimum, the litigation of this appeal will consume over $50,000 in fees, at a blended hourly rate of $575 per hour, and the preparation of transcripts and excerpts from the record will cost several thousand dollars. Id. Thus, Counsel requests a bond in the amount of $75,000 for costs, which includes attorneys' fees. Id.

In determining whether to impose an appeal bond, the Ninth Circuit considers the following factors: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the costs if he loses the appeal; and (3) an assessment of the likelihood that the

appellant will lose on appeal and thus be liable for costs. Figure Eight Holdings, LLC v. Dr. Jays, Inc., 534 Fed. Appx. 670, 670 (9th Cir. 2013). Each factor will be addressed in turn.

### A.     Mr. Padgett's Financial Ability to Post a Bond

The first factor generally weighs in favor of a bond unless a party is financially unable to post a bond. See Fleury, 2008 WL 4680033, at *7. Here, it is unclear whether Mr. Padgett is financially able to post a bond. At the case management conference held on October 11, 2013, Mr. Padgett did not dispute Counsel's assertion that he is homeless. See Dkt. No. 1079 at 6. Yet when Mr. Padgett filed the notice of appeal on April 28, 2015, it appears that he paid the $505 filing fee. See Dkt. No. 1090 (docket entry). In his opposition brief, Mr. Padgett did not contend or submit any evidence showing an inability to post a bond. Therefore, in the absence of any evidence that posting a bond would impose a substantial hardship, this factor does not preclude the imposition of a bond requirement.

### B.     Risk that Mr. Padgett Would Not Pay the Costs if He Loses the Appeal

Courts in this district have recognized the difficulty and risk associated with collecting costs from out-of-state appellants. See Schulken v. Wash. Mut. Bank, No. 09-CV-02708-LHK, 2013 WL 1345716, at *5 (N.D. Cal. April 2, 2013) (Koh, J.); Embry v. ACER Am. Corp., No. C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012) (Ware, J.). This issue may be weighed more heavily when an appellant lives outside the jurisdiction of the Ninth Circuit. Id.

According to his last filing as a *pro se* litigant on April 9, 2014, it appears that Mr. Padgett was residing in the State of Washington. See Dkt. No. 1063. While his opposition brief does not provide Mr. Padgett's current place of residence, this Court assumes that he continues to reside in the State of Washington since documents recently sent to the Washington address were not returned to the Court. See Dkt. No. 1103-1 (certificate of service). Although Mr. Padgett may reside within the jurisdiction of the Ninth Circuit, he resides outside the jurisdiction of this Court. In light of the fact that Mr. Padgett and Counsel have now taken adversarial positions in this litigation, there is a reasonably high risk that Mr. Padgett would not pay the costs if he were to lose the appeal. Therefore, this factor weighs in favor of requiring a bond.

5
Case No.: 5:04-cv-03946-EJD
ORDER DENYING MOTION FOR APPEAL BOND

**C.  Likelihood that Mr. Padgett Will Lose on Appeal**

In their motion, Counsel contends that Mr. Padgett lacks standing because he forfeited any legal right to an award of attorneys' fees when he failed to submit a renewed motion for attorneys' fees and costs.  Mot. at 6-7.  According to Counsel, since Mr. Padgett lacks standing, he will not be able to prevail and will owe attorneys' fees and costs on appeal.  Id. at 8.  As this Court sees it, however, Counsel's position may be legally erroneous and is a misconstruction of the order awarding attorneys' fees and costs.

Pursuant to § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]"  Relying on the plain meaning of the statute and on Supreme Court precedent, the Ninth Circuit has ruled that § 1988 attorneys' fees must be awarded to the party, not the party's lawyer.  Gilbrook v. City of Westminster, 177 F.3d 839, 872-73 (9th Cir. 1999).  The Ninth Circuit further stated: "In the absence of a contractual assignment to counsel, § 1988 requires that attorney fee awards be made directly to the prevailing party, with the ultimate disposition of the award dependent on the contract between the lawyer and the client."  Id. at 875.

Here, Mr. Padgett forfeited only his right to collect attorneys' fees for the services provided by the McManis Firm because he failed to submit a renewed motion for attorneys' fees and costs for that period of representation.  However, Mr. Padgett did not forfeit his right to collect attorneys' fees for the services provided by Counsel.  Indeed, as this Court's order stated, "*Plaintiffs* shall receive an attorneys' fee award . . . and litigation costs[.]"  See Dkt. No. 1087 at 14 (emphasis added).  The Court also declined Counsel's subsequent request to find the award had vested or were the property of Counsel.  See Dkt. No. 1095.  Since Mr. Padgett is the plaintiff in this action and the prevailing party, the attorneys' fees are awarded to him, consistent with Gilbrook.  Therefore, Counsel's argument based on lack of standing is unpersuasive.

Overall, however, the Court recognizes the present awkwardness of this proceeding. While the Court awarded Mr. Padgett attorneys' fees and costs for the services provided by Counsel upon the request made on his behalf, there appears to be a dispute between Mr. Padgett

6
Case No.: 5:04-cv-03946-EJD
ORDER DENYING MOTION FOR APPEAL BOND

and Counsel as to how and to whom the funds should be distributed.  In any event, Mr. Padgett's challenge on appeal is not completely without merit to the extent he believes that the language of fees and costs award is ambiguous.  Therefore, this factor weighs strongly against requiring a bond.

### D. Conclusion

In weighing these factors, the Court finds that an appeal bond is not warranted because Mr. Padgett's appeal is not without merit.  This final factor outweighs the collective weight of the preceding two, even if they favor imposition of a bond.  Mr. Padgett's efforts before the Ninth Circuit, therefore, should not be dissuaded by a court-imposed financial barrier.  Any arguments concerning the amount of the bond will not be considered because doing so is unnecessary.

### IV. ORDER

For the foregoing reasons, Counsel's motion to compel Mr. Padgett to file a bond for attorneys' fees costs under Federal Rule of Appellate Procedure 7 is DENIED.

**IT IS SO ORDERED.**

Dated: July 13, 2015

_____
EDWARD J. DAVILA
United States District Judge