UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOSEPH PADGETT, et al.,
Plaintiffs,

v.

BRIAN LOVENTHAL, et al.,
Defendants.

Case No. 5:04-cv-03946-EJD

**ORDER GRANTING MOTION AND STRIKING LIEN; DENYING MOTION FOR RELIEF FROM AN ORDER; DENYING MOTION FOR INDICATIVE RULING**

Re: Dkt. Nos. 1109, 1113, 1114

In September 2004, Plaintiffs Joseph Padgett ("Mr. Padgett") and Darla Padgett ("Ms. Padgett") (collectively, "Plaintiffs") commenced this civil rights action against Defendants City of Monte Sereno and various city officials (collectively, "Defendants"). In September 2008, before the case proceeded to jury trial, Plaintiffs changed counsel and retained the Law Firm of Kallis & Associates P.C. and Bustamante & Gagliasso P.C. (collectively, "trial counsel") to represent them at trial. On June 4, 2009, the jury returned a verdict only for Mr. Padgett, and awarded him nominal damages of $1.00 and punitive damages of $200,000. During post-trial motions, the court remitted the punitive damages award to $10,000. The jury rejected all of Ms. Padgett's claims.

Since the end of trial in 2009, this case has had a long and perhaps arduous history in federal court, moving between the district court and the Ninth Circuit. The most recent dispute does not involve Defendants, but rather involves Mr. Padgett, Ms. Padgett, and trial counsel. Trial counsel are involved in this case as interested third parties. Presently before the court are three



United States District Court
Northern District of California

United States District Court
Northern District of California

motions filed by Mr. Padgett through which he seeks to amend this court's previous order regarding attorneys' fees and costs, and seeks to extinguish the lien Ms. Padgett filed against any fees awarded to Mr. Padgett, which appears to arise from their recent divorce. See Dkt. Nos. 1109, 1113, 1114. The court finds these matters suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and thus VACATES the hearing scheduled for October 29, 2015. Having carefully considered the parties' pleadings, Mr. Padgett's motions seeking to amend this court's previous order is DENIED, and motion related to the lien is GRANTED and notice of lien is STRICKEN for the reasons explained below.

## I. RELIEF FROM PREVIOUS ORDER REGARDING ATTORNEYS' FEES AND COSTS

In a civil case, a party must file the notice of appeal within 30 days after the entry of judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). When disposing of a motion for attorney's fees under Federal Rule of Civil Procedure 54, a separate document setting out judgment is not required. Fed. R. Civ. P. 58(a). Therefore, the district court's order ruling on the issue of attorney's fees triggers the 30-day period for filing a notice of appeal. S.L. ex rel. Loof v. Upland Unified Sch. Dist., 747 F.3d 1155, 1161 (9th Cir. 2014).

Here, this court filed an Amended Order Denying Defendants' Motion for Bill of Costs; Granting in Part and Denying in Part Plaintiffs' Motion for Attorneys' Fees and Costs on March 31, 2015 ("March 31st Order"). See Dkt. No. 1087. Mr. Padgett filed a notice of appeal on April 28, 2015. See Dkt. No. 1090. Thus, it appears that Mr. Padgett has initiated a timely appeal of the fees and costs order.

Although Mr. Padgett has appealed from the March 31st Order, he has now filed a motion requesting the court invoke its authority under Federal Rule of Civil Procedure 60(b)(6) to modify a sentence in the March 31st Order. Dkt. No. 1113 at 1. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

United States District Court
Northern District of California

> neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move [*5] for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relying on the "any other reason" catchall language in subsection (b)(6), Mr. Padgett seeks a change in the order from "*Plaintiffs* shall receive an attorneys' fee award . . . and litigation costs" to "*Plaintiff Joseph Padgett* shall receive an attorneys' fee award . . . and litigation costs." Id. at 2 (emphasis added). This request appears to be grounded on a dispute between Mr. Padgett and trial counsel—Mr. Padgett believes he should be awarded the attorneys' fee award, and trial counsel believe they should be awarded the attorneys' fee award.[1] Id. at 4.

The Ninth Circuit has recognized, however, that once a party files his notice of appeal of the district court's judgment, the district court loses jurisdiction over the case and cannot consider a subsequently filed motion. See Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2002); Katzir's Floor & Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." Williams, 384 F.3d at 586. To the extent Mr. Padgett is requesting this court to entertain or grant the instant Rule 60(b)(6) motion on the merits, this court declines to do so. He has not demonstrated the type of exceptional circumstances that justify resort to relief under that rule. See Fantasyland Video, Inc. v. Cnty. of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007) (holding that Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."). Accordingly, Mr. Padgett's motion for relief from the March 31st Order (Dkt. No. 1113) is

[1] This court briefly addressed this issue in its Order Denying Motion for Appeal Bond, filed on July 13, 2015. See Dkt. No. 1108 at 6-7.

DENIED.

In a related motion, Mr. Padgett seeks an indicative ruling under Federal Rule of Civil Procedure 62.1(a)(3) that it would either grant Mr. Padgett's Rule 60(b)(6) motion or find that the motion raises a substantial issue. Dkt. No. 1114 at 1. Recognizing that this court lacks jurisdiction to rule on the motion due to the pendency of an appeal, Mr. Padgett argues that Rule 62.1(a)(3) provides the appropriate procedure by which the court could obtain jurisdiction to modify the March 31st Order and resolve ambiguities in the record. Id. at 4-5. He further argues that good cause exists for an order granting relief under Rule 60(b)(6) because it would be an efficient and cost effective method of handling a disputed issue, and which threatens to result in inconsistent judgments. Id. at 5.

Rule 62.1(a) provides:

> Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

In opposition to this motion, trial counsel argue that Mr. Padgett's notice of appeal states that he is appealing the March 31st Order, but does not identify the particular issue(s) he is appealing. Dkt. No. 1117 at 6. Thus, according to trial counsel, Mr. Padgett could be appealing other issues that are independent from whether the attorneys' fee award should be distributed to him.

To the extent this motion is not resolved along with its predecessor discussed above, the court agrees with trial counsel's position on this issue. Indeed, there is no guarantee on this record that any and all issues currently on appeal will be resolved by providing Mr. Padgett relief under Rule 60(b)(6). When the Ninth Circuit last remanded this case, it instructed the district court to explain its calculations for attorneys' fees and costs. See Dkt. No. 1023 at 9. Although the jury trial was presided over by a different district court judge, the undersigned judge carefully reviewed

United States District Court
Northern District of California

the record and provided an explanation for attorneys' fees and costs. See March 31 Order, Dkt. No. 1087. Trial counsel then filed a motion for clarification, which the court denied, and Mr. Padgett filed a notice of appeal. See Dkt. Nos. 1088, 1089, 1095. Moreover, the court briefly discussed the issue of attorneys' fees and costs when it denied trial counsel's motion to compel Mr. Padgett to file an appellate bond. See Dkt. No. 1108. Thus, aside from who is entitled to attorneys' fees, there are several other post-remand issues from which Mr. Padgett could be appealing, which include the amount of fees and costs that were awarded. Since Mr. Padgett's notice of appeal does not provide guidance on this issue, Mr. Padgett's stated purpose of efficiency and cost effectiveness is undermined.

Accordingly, Mr. Padgett's motion for indicative ruling (Dkt. No. 1114) is DENIED.

## II. EXTINGUISHING PROPERTY LIEN

Lastly, Mr. Padgett requests an order extinguishing a "property lien" noticed by Ms. Padgett.[2] Dkt. No. 1109. On February 10, 2014, Ms. Padgett filed a "notice of third party lien," contending that a lien had been created under California Civil Code § 2881, which provides for the creation of a lien either by contract of the parties or by operation of law. See Dkt. No. 1058. According to the notice, a lien was created on the proceeds of this lawsuit pursuant to California's community property statutes, where Mr. Padgett and Ms. Padgett were married, as well as those applied in the State of Washington, where their dissolution is taking place. Id. at 2.

Federal Rule of Civil Procedure 69(a) governs execution proceedings in federal courts, and provides that the procedure to execute a judgment "must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a); see Paul Revere Ins. Grp. v. United States, 500 F.3d 957, 960 (9th Cir. 2007). Thus, pursuant to California law, in order to obtain a lien, "the judgment creditor shall file a notice of lien and an abstract or certified copy of the judgment creditor's money judgment in the pending action or special proceeding." Cal. Civ. Proc. Code § 708.410(b).

[2] Ms. Padgett is proceeding *pro se*.

Mr. Padgett argues that Ms. Padgett's notice of lien is ineffective because she failed to attach evidence of the lien as required by Civil Procedure Code § 708.410(b). See Dkt. No. 1110 at 2-3. Mr. Padgett is correct. Here, Ms. Padgett filed only a notice of lien and a declaration; she did not file an abstract or certified copy of the judgment that entitles her to a lien. See Dkt. No. 1058. Moreover, while Ms. Padgett appears to have been properly served (see Dkt. No. 1109 at 3), she did not file a brief opposing this motion. Given the plain defects in the notice and the absence of a response to this motion, Mr. Padgett's request for relief related to the "lien" (Dkt. No. 1109) is GRANTED. Rather than extinguish anything, the court finds it more appropriate to STRIKE the notice of lien.

However, the court clarifies that this order applies only to the notice of lien filed in this action on February 10, 2014, and should not be construed as a determination of any rights Ms. Padgett may have under the property division laws that apply to the Padgetts' marital dissolution proceedings.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from the March 31st Order and motion for indicative ruling are DENIED. Plaintiff's motion for an order related to the "lien" is GRANTED, and the notice of lien (Dkt. No. 1058) is STRICKEN. The hearing scheduled for October 29, 2015, is VACATED.

**IT IS SO ORDERED.**

Dated: October 26, 2015



EDWARD J. DAVILA
United States District Judge