UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH PADGETT, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BRIAN LOVENTHAL, et al.,<br><br>　　　　　Defendants. | Case No. 5:04-cv-03946-EJD<br><br>**ORDER GRANTING AWARD OF FEES AND COSTS TO LAW FIRMS KALLIS & ASSOCIATES P.C. AND BUSTAMANTE & GAGLIASSO P.C.**<br><br>Re: Dkt. No. 1173 |

In 2015, this Court approved Plaintiffs' attorneys' fees request for services provided by Kallis & Associates, P.C. ("Kallis") and Bustamante & Gagliasso, P.C. ("Bustamante"). *See* Order Granting in Part and Denying in Part Plaintiffs' Motion for Attorney's Fees and Costs ("Order Atty. Fees"), Dkt. 1087. The Ninth Circuit vacated and remanded this ruling because "the district court potentially erred by allowing [Kallis] and [Bustamante] to seek attorneys' fees after they no longer represented Padgett." *Padgett v. City of Monte Sereno*, 722 F. App'x 608, 610 (9th Cir. 2018). Thus, this Court must determine, in the first instance, if "contractual provisions or an attorney lien justified the award of fees to counsel rather than to the plaintiff." *Id.*

I. **BACKGROUND**

A. **Factual Background**

In 2004, Joseph Padgett ("Padgett") initiated an action against eight defendants, which stemmed from a fence height ordinance, arguing his civil rights were violated. Over the years, substantial litigation fees were incurred. The case went to trial and the jury found for Padgett on his First Amendment claim. Padgett received $1 in nominal damages and $200,000 in punitive damages, which the court reduced to $10,000. The other Section 1983 claims were dismissed.

Case No.: 5:04-cv-03946-EJD
ORDER GRANTING AWARD OF FEES AND COSTS TO LAW FIRMS

1

Thus, ultimately, Padgett only prevailed on one claim: retaliation under the First Amendment.

The Law Firm McManis Faulkner originally represented Padgett but, on September 20, 2006, withdrew as counsel. Order Granting Motion to Withdraw as Attorney, Dkt. 275. Padgett was pro se until September 2008, when Kallis and Bustamante became the counsel of record. *See* Dkt. 552. From September 2008 to July 28, 2013, Kallis and Bustamante served as Padgett's counsel. *See* Law Firms' Brief Supporting Motion for Attorneys' Fees and Costs ("Mot.") at 6, Dkt. 1173. Padgett entered into a fee agreement with Kallis and Bustamante. *See* Declaration of Robert Gagliasso in Support of Law Firms' Brief ("Gagliasso Decl."),[1] Ex. D, Dkt. 1174. The fee agreement states:

> 5. Attorney's Fees. Client agrees that Lawyers will receive the following in payment for legal services:
>
> (B) If this section is initialed[2] by both parties the case will be handled as a modified Contingency fee case. In a Modified Contingency Fee Case the CLIENT(S) agrees to pay the Lawyers as follows:
>
> **Should the case go to trial**, Lawyers get their respective attorney fees, any *load star [sic] and multiplier* (McMannis [sic] & previous representation's bills still go to Clients). Attorneys also get 20% of the award as a contingency. Clients get the Taxable expenses.

Ex. D at 3 (emphasis added).

It also states:

> 9. Termination of This Agreement. . . . If terminated, Lawyers shall have a *lien* as set forth in this paragraph on, but limited to, any recovery in the litigation for the reasonable hourly value of their services. . . . In all cases Client agrees that the lawyer(s) will have a contractual lien for either the contractual fees and costs due, or in a contingency fees cases [sic] the reasonable value of the services and costs provided. *Client agrees that said lien shall be enforceable against any eventual client recovery and is enforceable against any real or financial assets of the client, irrespective of when acquired.*

*Id.* at 4 (emphasis added).

---

[1] Multiple other exhibits are submitted with Ex. D. Kallis and Bustamante ask this Court to judicially notice 17 of those exhibits. *See* Request for Judicial Notice, Dkt. 1175. These exhibits, already appear on the docket and most are orders from this Court or Judge Ware. Because these exhibits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," these requests are granted. Fed. R. Evid. 201(b).

[2] The section was initialed by all parties (Padgett, Kallis and Bustamante).

Case No.: 5:04-cv-03946-EJD
ORDER GRANTING AWARD OF FEES AND COSTS TO LAW FIRMS
2

At a Case Management Conference on October 11, 2013, this Court relieved Kallis and Bustamante as counsel and instructed them to file a motion for attorneys' fees and costs as real parties in interest. *See* Dkt. 1039; Transcript of Proceedings, Dkt. 1079; Briefing Order, Dkt. 1040.

On January 24, 2017, Padgett voided this contract pursuant to California Business and Professions Code Section 6147. *See* Gagliasso Decl., Ex. U.

**B. Procedural Background**

Judge Ware, the judge who had this case before he retired, first ruled on the issue of attorneys' fees in 2010. Order Denying Defendants Motion for Attorney Fees, Dkt. 995. Padgett sought $3.2 million in fees: $810,777 for pretrial services performed by the McManis Faulkner law firm and $2,199,388.48 for pretrial and trial work performed by Kallis and Bustamante. *Id.*; *see also* Motion for Attorney's Fees filed by Joseph Padgett, Dkt. 945; Bill of Costs filed by Joseph Padgett for Bustamante O'Hare & Gagliasso, Dkt. 943. Judge Ware awarded Plaintiff $500,000 for attorneys' fees and $100,000 for costs and ordered Defendant Wright, one of the eight defendants, to pay the fees. Dkt. 995 at 8. Defendant Wright appealed this order. Notice of Appeal, Dkt. 1000.

In 2013, the Ninth Circuit vacated and remanded the attorney's fees award because Judge Ware's order did not provide an explanation of the fees. *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013). At this point, Judge Ware had retired and so this Court had the Parties re-brief their attorneys' fees motions so the Court could ascertain fees.

On March 31, 2015, this Court awarded attorneys' fees of $471,056.64 and litigation costs of $100,000 to Kallis and Bustamante. Order Atty. Fees at 14. On April 28, 2015, Padgett appealed the order. Notice of Appeal, Dkt. 1090. He only contested this Court's decision to grant fees directly to Kallis and Bustamante, he did not challenge the reasonableness of the award. *Padgett*, 722 F. App'x at 610. The Ninth Circuit vacated this Court's 2015 order because, under federal law, "attorney fees belong to the plaintiff absent contractual provisions to the contrary or an attorney lien." *Padgett*, 722 F. App'x at 610. The Motion before this Court thus concerns

Case No.: 5:04-cv-03946-EJD
ORDER GRANTING AWARD OF FEES AND COSTS TO LAW FIRMS
3

whether any "contractual provisions or an attorney lien justified the award of fees to counsel rather than to the plaintiff." *Id.*; *see also* Mot. at 7.

## II. LEGAL STANDARD

42 U.S.C. § 1988(b) provides for the award of attorney's fees in a civil rights action brought under Section 1983. "The Supreme Court has held that Section 1988 vests the right to seek attorney's fees in the prevailing party, but not her attorney, and that attorneys therefore lack standing to pursue them." *Pony v. Cty. of L.A.*, 433 F.3d 1138, 1142 (9th Cir. 2006). Once the prevailing party exercises their right to receive fees, the attorney's right to collect them vests and the attorney may then pursue them on their own. *Id.* However, even once the plaintiff exercises their right to collect attorney fees, the fees should go directly to the plaintiff absent contrary contractual provisions or an attorney lien. *United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 756 (9th Cir. 2011); *Gilbrook v. City of Westminister*, 177 F.3d 839, 875 (9th Cir. 1999) ("In absence of a contractual assignment to counsel, § 1988 requires the attorney fee awards be made directly to the prevailing party, with the ultimate disposition of the award dependent on the contract between the lawyer and the client.").

## III. DISCUSSION

This Court must determine if a valid fee arrangement existed on March 31, 2015, the date this Court issued its order awarding Kallis and Bustamante attorney fees. If a valid agreement existed, Kallis and Bustamante are entitled to the fees. *Cf. Padgett*, 722 F. App'x at 610 ("In a civil rights case, by contrast, attorney fees belong to the plaintiff absent contractual provisions to the contrary or an attorney lien.").

### A. Res Judicata

Kallis and Bustamante argue their fee agreement with Padgett creates a "contrary contractual provision," thus entitling them to attorneys' fees. Mot. at 10. Padgett contends this argument fails because res judicata applies and so this Court cannot consider this argument. Opposition to "Motion" by Bustamante ("Opp.") at 9, Dkt. 1180. While this case has been pending in federal court, Kallis and Bustamante filed an action in California state court seeking a

Case No.: 5:04-cv-03946-EJD
ORDER GRANTING AWARD OF FEES AND COSTS TO LAW FIRMS
4

declaratory judgement that the contract is *still*[3] valid. The state court held the contract was invalid and void. *See* Opp., Ex. 2.

To determine the res judicata effect of a state court judgment, federal courts apply the law of claim preclusion of the state in which they sit. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001). Thus, this Court must apply California claim preclusion law to determine the effect of the Superior Court's judgment. California and federal law differ with respect to when a judgment rendered by a trial court becomes a "final judgment" for res judicata purposes. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006). "Under California law . . . a judgment is not final for purposes of res judicata during the pendency of and until the resolution of an appeal." *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985). Kallis and Bustamante are currently appealing the superior court's ruling and thus, the judgment has no claim preclusion effect on this Court. Law Firm's Reply Brief ("Reply") at 3, Dkt. 1185.

### B. Validity of Contractual Provision

Under California Business and Professions Code Section 6147, an attorney who contracts to represent a client on a contingency basis must include a statement that "the fee is not set by law but is negotiable between attorney and client." Cal. Bus. & Prof. Code § 6147(a)(4). Failure to comply with that requirement "renders the agreement voidable at the option of the [client], and the attorney shall thereupon be entitled to collect a reasonable fee." *Id.* § 6147(b). The requirements of Business and Professions Code Section 6147 apply to hybrid agreements. *Arnall v. Super. Ct. of L.A. Cty.*, 118 Cal. Rptr. 3d 379, 387 (Cal. Ct. App. 2010).

---

[3] To the extent res judicata applies, the decision (contrary to Padgett's contentions) is largely irrelevant to what this Court is considering—that is, whether on March 31, 2015, when this Court ordered fees be paid to Kallis and Bustamante, there was a valid fee agreement between the parties abrogating the requirement that the fees be paid directly to Padgett. The Superior Court was resolving whether Kallis and Bustamante were owed fees in 2019 under the agreement. The opinion hinged on Kallis and Bustamante conceding that the agreement was voided (at Padgett's option) on January 24, 2017 and thus no longer applicable in 2019. *See* Gagliasso Decl., Ex. U at 11 ("The undisputed evidence further demonstrates that [Padgett] elected to void the Fee Agreement on January 24, 2017, and [Kallis and Bustamante] admitted that the Fee Agreement is [now] void and unenforceable."). The posture of the case at hand is thus markedly different considering that this Court is only evaluating whether the agreement was effective in 2015. *Cf.* Opp. at 5.

Case No.: 5:04-cv-03946-EJD
ORDER GRANTING AWARD OF FEES AND COSTS TO LAW FIRMS
5

The parties have a hybrid fee agreement; the attorneys charged both contingent and hourly fees and thus Section 6147 applies. *See* Gagliasso Decl., Ex. D. The agreement does not have the requisite language that the "fee is not set by law but is negotiable between attorney and client." *See id.*; *see also* Opp., Ex. 3 at 11. The lack of this language, however, rendered the contract voidable, *not void*.

> A void contract is without legal effect. It binds no one and is a mere nullity. . . . A voidable transaction, in contrast, is one where one or more parties have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract . . . . *It may be declared void but is not void in itself.*

*See Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 852 (Cal. 2016) (quotation marks and citations omitted) (emphasis added).

Here, Padgett did not void the contract until January 2017. Thus, when this Court issued its order granting attorneys' fees and costs to Kallis and Bustamante on March 31, 2015, the contract was still applicable and enforceable.[4] The contract, therefore, controls the allocation of attorney's fees. Because there is a "contractual assignment to counsel, § 1988 requires that attorney fee awards" be paid to counsel pursuant to the contract. *See $186,416.00 in U.S. Currency*, 642 F.3d at 756. This fee agreement dictates that the disbursement of "any load star [sic]" attorneys' fees and litigation costs go to Kallis and Bustamante. *See* Gagliasso Decl., Ex. D. This Court's 2015 order directing attorneys' fees was a lodestar allotment of attorneys' fees and thus fits within the contract. Order Atty. Fees at 5–12. Accordingly, this Court's 2015 order granting Kallis and Bustamante an attorneys' fee award of $471,056.64 plus post-judgment interest and litigation costs for $100,000 was within the Parties' fee agreement.

## IV. CONCLUSION

Having considered the fee agreement, this Court holds that the award of fees to counsel rather than to the plaintiff was justified. Kallis and Bustamante's Attorneys' Fees and Costs

---

[4] To the extent the termination section of the fee agreement applies, this Court concludes it was not at issue when this Court awarded attorneys' fees because the award was for *past* services rendered, *i.e.*, those services rendered before Kallis and Bustamante were terminated. Therefore, this section of the fee agreement is irrelevant.

Award is reinstated.

**IT IS SO ORDERED.**

Dated: October 7, 2019

EDWARD J. DAVILA
United States District Judge