1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8    JOSEPH PADGETT, et al.,                    Case No. 5:04-cv-03946-EJD

         Plaintiffs,
9                                               **ORDER DENYING PLAINTIFF'S**
         v.                                     **MOTION FOR RECONSIDERATION**
10
                                                Re: Dkt. No. 1206
     BRIAN LOVENTHAL, et al.,
11
         Defendants.
12

13          Plaintiff requests leave to file a motion for reconsideration for this Court's October 7, 2019

14   Order, where the Court granted an award of attorney fees and costs directly to the law firms of

15   Kallis & Associates and Bustamante & Gagliasso.  Order Granting Award of Fees and Costs

16   ("Order"), Dkt. 1201.  He argues this Court failed to consider "material facts or dispositive legal

17   arguments which were presented to the Court before such interlocutory order."  N.D. Cal. Civ.

18   L.R. 7-9(b)(3).  Plaintiff grounds his argument in this Court's "failure" to properly understand

19   California issue preclusion and contract invalidity law.  Motion for Leave to File Motion for

20   Reconsideration ("Mot.") at 3–5, Dkt. 1206.  Plaintiff feels this Court has "travel[ed] to the Land

21   of Make Believe" in its findings.  Mot. at 4; *see also* Fed. R. Civ. P. 11(c)(3) (allowing the court,

22   on its own initiative, to order a party to explain why it has not violated this Rule by presenting

23   arguments unsupported by existing law).

24          First, to the extent issue or claim preclusion even applies, it is irrelevant to this proceeding.

25   As this Court explained in its Order, when fees were granted in 2015, there was a valid contractual

26   provision justifying the award of fees to counsel, rather than to Plaintiff.  Order at 6.  To the extent

27   Plaintiff misunderstands this Court's analysis, the essential point can be summed up to this—in

28   Case No.: 5:04-cv-03946-EJD
     ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
                                                1

United States District Court
Northern District of California

1    2015, when this Court first awarded fees, a **valid** contractual provision (see below for why the

2    provision was valid) existed, meaning the fees should have *always* gone directly to the Law Firms.

3    *See id.* at 6 n.4.  Accordingly, res judicata is <u>irrelevant</u> to this proceeding as *no* action was initiated

4    in state court at this time.

5         Second, pursuant to basic contractual principles, which the Court urges counsel to

6    familiarize himself with, a "voidable" contract is operative until it is voided "at the option of the

7    impaired party."  CLAUDE D. ROHWER, CONTRACTS IN A NUTSHELL, at § 5.2 (8th ed. 2017).  In

8    contrast, a "void" contract, never has any legal effect—it is as if no contract ever existed.  *Id.*

9    § 5.9.  Here, as the Court discussed in its opinion, the contract, pursuant to established California

10   law, was "voidable."  Order at 5.  Thus, until Plaintiff voided the contract in 2017, it was

11   operative.  Because 2015 was two years before 2017, the contract was operative when this Court

12   issued its first order.

13        Accordingly, because the Court did not fail to consider material facts or dispositive legal

14   arguments, Plaintiff's motion for reconsideration is **DENIED.**

15        **IT IS SO ORDERED.**

16   Dated: October 24, 2019

17   _____
     EDWARD J. DAVILA
18   United States District Judge

United States District Court
Northern District of California