UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOSEPH PADGETT, et al.,

Plaintiffs,

v.

BRIAN LOVENTHAL, et al.,

Defendants.

Case No. 5:04-cv-03946-EJD

**ORDER DENYING BUSTAMANTE'S MOTION TO COMPEL A BOND FOR COSTS AND ATTORNEYS' FEES**

Re: Dkt. No. 1210

Joseph Padgett's ("Padgett") former attorneys, Bustamante & Gagliasso ("Bustamante"), seek an order compelling Padgett to post a bond on appeal. Having considered the Parties' briefs and having had the benefit of oral argument on December 12, 2019, the Court **DENIES** Bustamante's Motion to Compel a Bond on Appeal.

**I.     BACKGROUND**

   **A. Factual Background**

In 2004, Padgett sued eight defendants alleging they violated his civil rights. After a jury trial, Padgett received $1 in nominal damages and $200,000 in punitive damages, which the Court reduced to $10,000. Padgett only prevailed on one claim: retaliation under the First Amendment.

In 2006, Padgett's original counsel, attorneys from the law firm McManis Faulkner, withdrew as counsel. Order Granting Motion to Withdraw as Attorney, Dkt. 275. Padgett was pro se for two years. Then, in September 2008, Bustamante and Kallis & Associates (another firm not present in this motion) became Padgett's counsel of record. *See* Dkt. 552. These law firms served as Padgett's counsel for about five years until this Court relieved them as counsel. *See* Dkt. 1039.

CASE NO.: 5:04-CV-03946-EJD
ORDER DENYING BUSTAMANTE'S MOTION TO COMPEL A BOND FOR COSTS AND ATTORNEYS' FEES

1

### B. Procedural History

In 2010, Judge Ware, the judge who presided over this case before he retired, awarded Padgett $500,000 in attorneys' fees pursuant to 42 U.S.C. § 1988. Dkt. 995 at 8. After an appeal, the Ninth Circuit vacated and remanded this award because Judge Ware's order did not provide an explanation of the fees. *Padgett v. Loventhal ("Padgett I")*, 706 F.3d 1205, 1208 (9th Cir. 2013).

On remand, in March 2015, this Court awarded attorney fees of $471,056.64 and $100,000 in litigation costs to Bustamante and Kallis. Dkt. 1087 at 14. Padgett appealed this order on April 28, 2015. Dkt. 1090. He contested this Court's decision to grant fees directly to the law firms. *Padgett v. City of Monte Sereno ("Padgett II")*, 722 F. App'x 608, 610 (9th Cir. 2018). The Ninth Circuit vacated this Court's 2015 award of attorney fees because this Court's order did not analyze whether a valid contractual provision existed to support the decision to award fees directly to the attorneys. *See id.* ("[A]ttorney fees belong to the plaintiff absent contractual provisions to the contrary or an attorney lien."). On October 7, 2019, this Court reinstated its 2015 award of fees and costs after findings that the Parties' "fee agreement dictates that the disbursement of . . . fees and litigation costs go to . . . Bustamante." Order Granting Award of Fees and Costs to Law Firms at 6, Dkt. 1201. Padgett then filed a Motion for Reconsideration arguing this Court failed to consider material facts and/or dispositive legal arguments. Dkt. 1206. This Court denied this motion. Dkt. 1207. Subsequently, Padgett appealed this Court's October 2019 order. Dkt. 1208.

On November 22, 2019, Bustamante filed a motion to compel Padgett to file a bond for costs and attorney fees pursuant to FRAP 7. Motion to Compel Joseph Padgett to File a Bond for Costs and Attorney Fees ("Mot."), Dkt. 1210. Padgett filed an opposition to this motion on December 5, 2019. Opposition/Response re Motion to Compel ("Opp."), Dkt. 1216. On December 9, 2019, Bustamante filed a reply brief. Reply to Opposition to Motion Under FRAP 7 ("Reply"), Dkt. 1218.

## II. LEGAL STANDARD

Federal Rule of Appellate Procedure ("FRAP") 7 provides that "the district court may

CASE NO.: 5:04-CV-03946-EJD
ORDER DENYING BUSTAMANTE'S MOTION TO COMPEL A BOND FOR COSTS AND ATTORNEYS' FEES

2

require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of *costs on appeal*." (emphasis added). "Cost on appeal" may include attorney's fees if the underlying fee-shifting statute allows the prevailing party to recover attorney's fees. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007).

## III. DISCUSSION

### 1. Appellate Attorney's Fees

FRAP 7 allows a district court to compel an appellant to post a bond for "all costs properly awardable" at the appeal's conclusion. As noted, this bond may include "attorney's fees [on appeal if] authorized by the relevant statutory authority." *Id.* at 958; *see also Marek v. Chesny*, 473 U.S. 1, 8–9 (1985).

The Court must first determine what "statutory authority" underlies the appeal. At first glance, it seems to be 42 U.S.C. § 1988(b),[1] which allows a court to award attorneys' fees to a prevailing party in an action seeking to vindicate civil rights. As this case's procedural history shows, Section 1988(b) underlies all orders discussing the award of attorney's fees. Originally, in 2010, when Judge Ware granted Padgett's request for attorneys' fees, he did so pursuant to Section 1988(b). *See* Dkt. 995. The Ninth Circuit vacated and remanded this award because Judge Ware's order failed to explain its fee calculation, which contravened Section 1988(b)'s requirement that a court awarding or denying fees provide "some explanation." *Padgett I*, 706 F.3d at 1207–08 (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986) (requiring district courts to provide "some indication of how it arrived at its figures and the amount of the

---

[1] Padgett argues that *Kay v. Ehrler*, 499 U.S. 432 (1991) forecloses Bustamante from ever recovering fees under Section 1988(b) because the firm is representing itself on appeal and is thus "pro se." While it is true that pro se parties (including pro se attorneys) may not recover fees under Section 1988(b), the issue at hand is more complex. In *Kay*, the narrow issue was whether an attorney who represented himself in a claim for violations of his civil rights could recover prevailing party attorney's fees and costs. 499 U.S at 433–34. In contrast, here, Bustamante is not claiming violations of their civil rights; they are claiming a contractual provision entitles them to the Section 1988(b) fees Padgett was awarded. Given this, the Court finds *Kay*'s applicability questionable and declines to resolve whether *Kay* would prevent Bustamante from recovering appellate attorneys' fees. Moreover, in its Reply, Bustamante indicates it will secure an attorney for appeal. Reply at 2.

CASE NO.: 5:04-CV-03946-EJD
ORDER DENYING BUSTAMANTE'S MOTION TO COMPEL A BOND FOR COSTS AND ATTORNEYS' FEES

3

award"). The other orders and appeals that follow are all rooted in Section 1988(b) and culminate with this Court's most recent decision to award Section 1988(b) fees directly to the law firms. Dkt. 1201. This decision is now on appeal. Dkt. 1208. Hence, 42 U.S.C. § 1988(b) seemingly is the "relevant statutory authority" underlying the appeal.[2]

Yet, there is an unusual wrinkle in this case. The Court's October 2019 (*Padgett III*) order resolved a contractual dispute between the Parties; it did not analyze whether Section 1988(b) permits fees to be paid directly to the firms *or* if Padgett is entitled to such fees. *See Padgett v. Loventhal ("Padgett III")*, 2019 WL 4933629, at *4 (N.D. Cal. Oct. 7, 2019); *see also Padgett v. Loventhal ("Padgett IV")*, 2019 WL 5458125, at *1 (N.D. Cal. Oct. 24, 2019) ("Second, pursuant to *basic contractual principles*, which the Court urges counsel to familiarize himself with, a voidable contract is operative until it is voided at the option of the impaired party." (quotation marks and citation omitted) (emphasis added)). Such things have already been decided. The narrow issue in *Padgett III* was whether a valid contractual provision overrode the default to award fees directly to the plaintiff. 2019 WL 4933629 at *4. This Court concluded such a

---

[2] Bustamante argues that FRAP 38 and/or 39 permits this Court to compel Padgett to post a bond for Bustamante's appellate attorney's fees. They also argue that this Court may compel a bond under 28 U.S.C. § 1927. The Court disagrees. First, the Ninth Circuit has already determined that FRAP 39 does not include attorney's fees. *Family PAC v. Ferguson*, 745 F.3d 1261, 1266 (9th Cir. 2014) ("[T]he drafters intended 'costs' under Rule 39 to refer narrowly to administrative costs, not to attorney's fees."). Second, this Court lacks jurisdiction to determine if an appeal is frivolous under FRAP 38. Rule 38 allows the award of "just damage . . . to the appellee" if the "*court of appeals* determines that an appeal is frivolous." (emphasis added). This Court may not determine if Rule 38's standard is met or if the appeal is frivolous. *See Azizian*, 499 F.3d at 960–61 (holding district courts lack power to order bond for frivolous appeals and that only appellate court has power to sanction under FRAP 38). Finally, by its terms 28 U.S.C. § 1927 is not a fee-shifting statute. It allows the court to require an attorney to personally pay excess costs, expenses, and fees reasonably incurred because of the attorney's vexatious conduct. If, however, the Court determines that Padgett's appeal creates "excessive costs," it is essentially finding the appeal is frivolous. As noted, the Court lacks the power to decide if an appeal is frivolous. *See id.*; *see also infra*. Accordingly, 28 U.S.C. § 1927 provides no basis for a FRAP 7 bond for attorney's fees.

Bustamante argues, for the first time in its Reply, that the fee agreement between the party entitles it to "costs on appeal." Reply at 3. New legal arguments in a reply brief are inappropriate. *See State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue *for the first time* in their reply briefs." (emphasis added)). The Court thus does not reach this argument.

CASE NO.: 5:04-CV-03946-EJD
ORDER DENYING BUSTAMANTE'S MOTION TO COMPEL A BOND FOR COSTS AND ATTORNEYS' FEES

4

1 provision existed. *Id.* Hence, on appeal, the question for the Ninth Circuit is whether this Court

2 erred in determining that a valid contractual provision existed. The issue is *not* whether Section

3 1988(b) permits Padgett or Bustamante to recover fees.

The *Azizian* court discussed a case similar to the one at hand. In *Young v. New Process Steel, LP*, 419 F.3d 1201 (11th Cir. 2005), the Eleventh Circuit "reversed a Rule 7 bond securing appellate attorney's fees ordered against plaintiffs-appellants in a civil rights case under 42 U.S.C. § 1998(b)." *Azizian*, 499 F.3d at 957 (citing *Young*, 419 F.3d at 1202). The Eleventh Circuit determined that while Section 1988(b) allows the court to award the prevailing party reasonable attorney's fees, a bond was inappropriate because Section 1988(b) could not support an award of fees to the appellees. *Young*, 419 F.3d at 1204. There, the problem was that defendant-appellee was seeking prevailing party fees. *Id.* Yet, under Supreme Court precedent, defendants may only recover Section 1988(b) attorney's fees in "exceptional cases." *Id.* at 1205 (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978)). The Eleventh Circuit concluded that because the district court had not determined that such an "exceptional case" existed, bond was improper. *Id.* at 1207–08.

A similar problem to *Young* arises here. Section 1988(b) authorizes a prevailing party in a civil rights case to recover fees. 42 U.S.C. § 1988(b). Indeed, Padgett recovered fees because he prevailed on his 42 U.S.C. § 1983 claims. The issue in Padgett's most recent appeal, however, is not whether Padgett is entitled prevailing party cost. Rather, the issue is whether a <u>contractual provision</u>, which is *not* a civil rights claim, authorizes Padgett's prevailing party fees to be paid directly to Bustamante.[3] Hence, even if Bustamante (the appellee) is successful on appeal, Section 1988(b) does not authorize them to recover fees because the appeal does not concern the "vindication of civil rights." *See* 42 U.S.C. § 1988(b). Accordingly, even while Section 1988(b) is present in the procedural history of this case and relevant on appeal, the real contention on

---

[3] The award of fees to Kallis is no longer in issue because Padgett bought Kallis' interest in the fees. No matter the result on appeal, Padgett will receive Kallis' fees directly. Accordingly, the Court limits its discussion to Bustamante.

CASE NO.: 5:04-CV-03946-EJD
ORDER DENYING BUSTAMANTE'S MOTION TO COMPEL A BOND FOR COSTS AND ATTORNEYS' FEES

5

appeal is the contractual provision authorizing fees to be paid to Bustamante .[4]  Therefore, because the underlying statutory authority (Section 1988(b)) does not authorize payment of fees for a contractual dispute, a FRAP 7 bond is inappropriate.

Finally, to the extent Bustamante seeks for this Court to declare Padgett's appeal frivolous, see Mot. at 6, the Court lacks the power to do so. *Azizian*, 499 F.3d at 960—61; *see also* Fed. R. App. P. 38 (allowing only the appellate court to issue sanctions for frivolous appeals). The Court thus declines to discuss the merits of Padgett's appeal. If the appeal is frivolous, it is for the Ninth Circuit to decide. *Cf.* Reply at 3 ("Bustamante will pursue fees for the frivolous bringing of this appeal.").

### 2. FRAP 39 Costs

For the first time, in its Reply, Bustamante argues that this Court should, at a minimum, grant it costs under FRAP 39. Bustamante's opening brief focused on a bond for appellate attorney fees. As noted in footnote 2, new legal arguments in a reply brief are inappropriate. *See State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990). Moreover, Bustamante asks for a lump sum of $150,000 in its opening brief, without directing the Court how much of this is costs versus attorney's fees. Mot. at 10. The Court thus **DENIES** Bustamante's request for costs.

## IV. CONCLUSION

For the foregoing reasons, Bustamante's motion to compel Padgett to post a FRAP 7 bond for appellate attorney's fees and costs is **DENIED.**

**IT IS SO ORDERED.**

Dated: December 12, 2019

EDWARD J. DAVILA
United States District Judge

---

[4] To avoid any misinterpretation of this opinion, the Court briefly notes that the converse would be true. Theoretically, if Bustamante appealed an order denying fees and costs, Padgett would not be able to secure a FRAP 7 bond because the underlying issue in the appeal would remain a contractual, and not a civil rights, dispute.

CASE NO.: 5:04-CV-03946-EJD
ORDER DENYING BUSTAMANTE'S MOTION TO COMPEL A BOND FOR COSTS AND ATTORNEYS' FEES

6