UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH PADGETT, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>BRIAN LOVENTHAL, et al.,<br><br>  Defendants. | Case No. 5:04-cv-03946-EJD<br><br>**ORDER GRANTING DEFENDANT WRIGHT'S MOTION TO VACATE OR MODIFY BUSTAMANTE'S PROPOSED RENEWED JUDGMENT**<br><br>Re: Dkt. No. 1244 |

Defendant A. Curtis Wright challenges Joseph Padgett's ("Padgett") former attorneys', Bustamante & Gagliasso ("Bustamante"), application for and renewal of judgment. Having considered the Parties' briefs, the Court **GRANTS** Defendant's motion to vacate or modify the proposed renewed judgment.[1]

**I.      BACKGROUND**

In 2004, Padgett sued eight defendants for alleged civil rights violations. After a jury trial, Padgett received $1 in nominal damages and $200,000 in punitive damages, which the Court reduced to $10,000. Padgett thus received $10,001 in damages.

In 2010, Judge Ware, the judge who presided over this case before he retired, awarded Padgett $500,000 in attorneys' fees pursuant to 42 U.S.C. § 1988. Dkt. 995 at 8. After an appeal, the Ninth Circuit vacated and remanded this award because Judge Ware's order did not provide an explanation of the fees. *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013).

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court found this motion suitable for consideration without oral argument. *See* Dkt. 1250.

Case No.: 5:04-cv-03946-EJD
ORDER GRANTING DEFENDANT WRIGHT'S MOTION TO VACATE OR MODIFY BUSTAMANTE'S PROPOSED RENEWED JUDGMENT
1

On remand, in March 2015, this Court awarded the Kallis and Bustamante law firms attorney fees of $471,056.64 and $100,000. Dkt. 1087 at 14. Padgett appealed this order on April 28, 2015. Dkt. 1090. He contested this Court's decision to grant fees directly to the law firms. *Padgett v. City of Monte Sereno*, 722 F. App'x 608, 610 (9th Cir. 2018). The Ninth Circuit vacated this Court's 2015 award of attorney fees because "attorney fees belong to the plaintiff absent contractual provisions to the contrary or an attorney lien." *Id.* On October 7, 2019, this Court reinstated its 2015 award of fees and costs after findings that the Parties' "fee agreement dictates that the disbursement of . . . fees and litigation costs go to . . . Bustamante." Order Granting Award of Fees and Costs to Law Firms at 6, Dkt. 1201. Subsequently, Padgett filed an appeal. Dkt. 1208.

On January 14, 2020, Bustamante served Defendant with an Application for and Renewal of Judgment. *See* Dkt. 1230. The Clerk's Office rejected that application on the grounds that one of the documents that Bustamante sought to renew did not entitle it to relief. *See* Dkt. 1232. In a separate order, the Court clarified the attorneys' fees and costs owed and how they should factor into any proposed renewal of judgment. *See* Order re Plaintiffs' Ex Parte Application for the Renewal of Judgment ("Renewal Order"), Dkt. 1234. The Court determined that Bustamante may seek to renew a judgment of $393,468.29 (the $100,000 owed in costs and the $293,468.29 owed in attorneys' fees). *Id.* at 4. Thereafter, Bustamante filed another Application for and Renewal of Judgment in the amount of $393,468.29—this request was granted by the Clerk's Office on January 22, 2020. *See* Dkt. 1236, 1238.

Defendant argues that the Renewal of Judgment claims an inflated amount of interest. Defendant A. Curtis Wright's Memorandum of Points and Authorities in Support of Motion to Vacate or Modify Proposed Renewed Judgment ("Mot."), Dkt. 1244. On March 5, 2020, Bustamante filed an opposition. Memorandum of Points and Authorities in Support of Bustamante's Opposition to Curtis Wright's Motion to Vacate ("Opp."), Dkt. 1245. Defendant filed a reply on March 12, 2020. Defendant A. Curtis Wright's Reply in Support of Motion to

Case No.: 5:04-cv-03946-EJD
ORDER GRANTING DEFENDANT WRIGHT'S MOTION TO VACATE OR MODIFY BUSTAMANTE'S PROPOSED RENEWED JUDGMENT
2

Vacate or Modify Proposed Renewed Judgment of Bustamante ("Reply"), Dkt. 1247.

## II.     DISCUSSION

28 U.S.C. § 1961 and *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827 (1990) govern the calculation of post-judgment interest. *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coalition of Life Activities*, 518 F.3d 1013, 1017 (9th Cir. 2008). Section 1961 provides for the mandatory award of post-judgment interest on "any money judgment in a civil case recovered in a district court." Post-judgment interest must run from the date of the first judgment when the damages were "supported by the evidence" and meaningfully ascertained. *See Kaiser*, 494 U.S. at 835–36. Appellate courts may reverse and remand a district court's judgment without concluding that the judgment was "erroneous or unsupported by the evidence." *Planned Parenthood*, 518 F.3d at 1018. Thus, when an appellate court reverses and remands a district court's grant of damages or fees, it is possible that the district court's initial judgment will be used to calculate interest. Indeed, when the legal and evidentiary basis of an award is preserved, post-judgment interest is ordinarily "computed from the date of [the judgment's] initial entry." *Perkins v. Standard Oil Co. of Cal.*, 487 F.2d 672, 676 (9th Cir. 1973). If, however, the damages were not meaningfully ascertained in the initial judgment, then the remand judgment is used. *See Planned Parenthood*, 518 F.3d at 1017–18.

Defendant argues that the interest accrual date is March 31, 2015—the date that this Court re-awarded attorneys' fees and costs in accordance with the Ninth Circuit's remand. *See* Mot. at 4. Bustamante argues that the interest accrual date is June 9, 2010—the date that Judge Ware originally awarded Padgett attorneys' fees and costs. Opp .at 2. Bustamante applies the wrong standard; the Court agrees with Defendant that the interest accrual date is March 31, 2015. The Ninth Circuit remanded Judge Ware's 2010 grant of attorneys' fees after determining that Judge Ware failed to meaningfully ascertain and explain his award of fees and costs. *See Padgett*, 706 F.3d at 1209 (holding that Judge Ware failed to "show his work" and offered no explanation as to

Case No.: 5:04-cv-03946-EJD
ORDER GRANTING DEFENDANT WRIGHT'S MOTION TO VACATE OR MODIFY BUSTAMANTE'S PROPOSED RENEWED JUDGMENT
3

how he calculated the attorneys' fees and costs). Indeed, on remand, after analyzing the relevant factors, this Court altered the amount of fees owed. Hence, because the damages were not meaningfully ascertained in the initial 2010 grant of attorneys' fees, the date of accrual of interest cannot be the date of the original judgment. *Planned Parenthood*, 518 F.3d at 1019. For this reason, the date of accrual of interest is the Court's March 2015 Order granting attorneys' fees and costs.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to alter Bustamante's Application for and Renewal of Judgment is **GRANTED.** Interest shall accrue from the Court's March 2015 Order.

**IT IS SO ORDERED.**

Dated: May 13, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:04-cv-03946-EJD
ORDER GRANTING DEFENDANT WRIGHT'S MOTION TO VACATE OR MODIFY BUSTAMANTE'S PROPOSED RENEWED JUDGMENT
4