1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

| | |
|---|---|
| JOSEPH PADGETT, et al., | Case No.  5:04-cv-03946-EJD |
| Plaintiffs, | **ORDER DENYING MOTION TO VACATE PLAINTIFF'S RENEWAL OF JUDGMENT; GRANTING IN PART MOTION TO VACATE BUSTAMANTE & GAGLIASSO'S RENEWAL OF JUDGMENT** |
| v. | |
| BRIAN LOVENTHAL, et al., | |
| Defendants. | |

Re: ECF Nos. 1266, 1281

Defendant A. Curtis Wright moves to vacate or modify two separate renewals of judgment submitted by Plaintiff Joseph Padgett (ECF No. 1267) and Plaintiff's former counsel, Bustamante & Gagliasso ("Bustamante") (ECF No. 1282).  Having reviewed the parties' briefs and submissions, the Court DENIES AS MOOT Defendant's motion to vacate or modify Plaintiff's application for renewal and GRANTS IN PART Defendant's motion to vacate or modify Bustamante's renewed judgment.

I.      BACKGROUND

A.      Judgments and Awards

The long and storied background of this case has been memorialized in numerous orders through its history, and the Court today will only address the facts relevant to the present motions.

On February 4, 2010, Judge Ware entered judgment in favor of Plaintiff for $1.00 in nominal damages and $10,000 in punitive damages, totaling **$10,001**.  ECF No. 934.

On March 31, 2015—after a jury trial, post-trial attorneys' fee motions, and a Ninth Circuit appeal—this Court awarded an attorneys' fee award of **$471,056.64** plus post-judgment interest,

United States District Court
Northern District of California

1  as well as **$100,000** in litigation costs to Bustamante.  ECF No. 1087 ("3/31/15 Order").  In doing

2  so, the Court found that post-judgment interest was mandatory per 28 U.S.C. § 1961 and noted

3  that Defendants did not oppose Plaintiffs' requested rate of 0.354 %.  *Id.* at 11 (citing ECF No.

4  1050, at 25 ("Looking at the calendar week preceding the Fee Order, which is February 4, 2010,

5  the weekly average is 0.354%.")).  Although the Court did not apportion the award between

6  counsel, the Court did determine that Bustamante's pre-reduction lodestar figure was

7  $1,047,887.63 (approximately 62.3% of the lodestar amount) and Kallis & Associates'[1] pre-

8  reduction lodestar figure was $634,457.51 (approximately 37.7% of the lodestar amount).  *Id.* at 8.

9       Plaintiff appealed the 3/31/15 Order in part, challenging only the decision to award the fees

10  directly to his counsel as opposed to himself.  *Padgett v. City of Monte Sereno*, 722 F. App'x 608,

11  610 (9th Cir. 2018).  The Ninth Circuit vacated the award and remanded in part for determination

12  of "whether contractual provisions or an attorney lien justified the award of fees to counsel rather

13  than to the plaintiff."  *Id.* at 610.  On October 7, 2019, the Court found that the award of fees to

14  counsel was justified and reinstated the prior award of fees.  ECF No. 1201.

15       On June 14, 2019, the Court also awarded attorneys' fees for the pre-trial services by the

16  McManis Faulkner firm and post-trial services of Hugo Torbet, which totaled another

17  **$155,804.22**.  ECF No. 1179.

18       **B.      Renewals of Judgment**

19       On December 18, 2019, Plaintiff filed an *ex parte* application to renew the judgment dated

20  February 4, 2010.  ECF No. 1226.  Although the February 2010 judgment was for $10,001,

21  Plaintiff sought $736,861.86 in judgment and $2,300,195 in interest, for a total of $3,037,057.46.

22  ECF No. 1226.  The Clerk of Court declined to renew the judgment based on these amounts (ECF

23  No. 1231), and the Court denied Plaintiff's motion for reconsideration.  ECF Nos. 1234, 1237.  On

24  April 15, 2022, the Ninth Circuit vacated the Court's denial and remanded with directions to enter

[1] Plaintiff was represented at trial by the Bustamante firm and the Kallis & Associates firm. However, on July 30, 2019, Mr. Padgett acquired all rights of the Kallis firm "in and related to" this case, including the award of attorneys' fees, through bankruptcy proceedings.  *See* ECF No. 1272, at 3–4.

1   the renewed judgment.  ECF No. 1263.  On May 20, 2022, the Court directed the Clerk of Court to

2   enter the renewed judgment.  ECF No. 1265.

3          On January 14, 2020, Bustamante also filed an Application for and Renewal of Judgment,

4   claiming $571,056.64 in judgment and $2,522,724.16 in interest, for a total of $3,093,780.80.

5   ECF No. 1230.  On January 22, 2020, the Clerk of Court renewed Bustamante's judgment in the

6   amount of $393,468.29.  ECF No. 1238.  On May 13, 2020, the Court granted Defendant's motion

7   to alter Bustamante's renewal and held that interest shall accrue from the Court's March 2015

8   Order.  ECF No. 1251.  On June 1, 2022, the Clerk of Court entered a Renewal of Judgment based

9   on Bustamante's January 2020 application.  ECF No. 1271.

## II.     DISCUSSION

11         Before the Court are Defendant's two motions to vacate or modify Plaintiff's and

12  Bustamante's efforts to renew their judgments.  ECF Nos. 1267, 1282.  These motions were filed

13  pursuant to Cal. Civ. Proc. Code § 683.170, which provides that "[t]he renewal of a judgment . . .

14  may be vacated on any ground that would be a defense to an action on the judgment, including the

15  ground that the amount of the renewed judgment as entered pursuant to this article is incorrect."

16  Cal. Civ. Proc. Code § 683.170; *Fid. Nat. Fin. Inc. v. Friedman*, 602 F.3d 1121, 1123 (9th Cir.)

17  ("The federal court applies state law . . . when renewing a judgment that has already been

18  registered in that state.").

19         **A.     Motion to Vacate Plaintiff's Renewal of Judgment**

20         As an initial matter, Plaintiff appears to seek the undersigned's recusal in this matter based

21  on the Court's prior admonishment of Plaintiff's and counsel's conduct.  ECF No. 1272, at 1; *see*

22  *also* ECF No. 1234 nn. 1, 2.  However, "the provisions of § 455(a) & (b)(1) require recusal only if

23  the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made

24  during the course of the proceeding."  *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388

25  (9th Cir. 1988).  Here, the Court's previous comments were in response to statements made by

26  Plaintiff's counsel in his "Supplemental Brief in Support of Ex Parte Application."  ECF No.

27  1233.  Specifically, Plaintiff made such remarks as, "[f]rankly, it is shocking that the court is not

United States District Court
Northern District of California

United States District Court
Northern District of California

1   supervising its clerk" and "Mr. Padgett beseeches the court in the strongest terms possible to take

2   control of its operations and order the clerk to comply with the law." *Id.* Notwithstanding

3   Plaintiff's discourtesy towards the Court and its staff, any potential bias or prejudice—and the

4   Court emphasizes that it holds none against Plaintiff—does not arise from an "extrajudicial

5   source." *Toth*, 862 F.2d at 1388.  The Court, accordingly, does not find any basis for recusal.

6       Turning next to the substance of Defendant's motion to vacate Plaintiff's December 2019

7   *ex parte* "Application For and Renewal of Judgment," no such renewal has yet been entered by the

8   Clerk of Court.  Per Cal. Civ. Proc. Code § 683.170(a), the "*renewal* of a judgment pursuant to

9   this article may be vacated."  However, neither the parties nor the Court have been able to identify

10  any statutory provision that permits vacatur of an *application* for renewal of judgment.  Indeed,

11  the deadline for a judgment debtor to file such a motion is determined by the date of "service of

12  the notice of renewal," of which there has been none here.  Cal. Civ. Proc. Code § 683.170(b).

13  This holding is also consistent with the Ninth Circuit's instructions on remand.  *Padgett v.*

14  *Bustamante & Gagliasso*, 2022 WL 1125654, at *1 (9th Cir. Apr. 15, 2022) ("[T]he clerk must

15  enter the renewed judgment.  *After the clerk does so*, Wright may move to vacate the judgment if

16  Wright believes that the amount of the renewed judgment is incorrect.") (emphasis added).

17      Because no such renewal has been entered, the Court has nothing to vacate or modify as

18  requested by Defendant's motion.  Accordingly, Defendant's Motion to Vacate or Modify

19  Plaintiff's Application for and Renewal of Judgment is DENIED WITHOUT PREJUDICE to

20  refiling after the Clerk of Court has entered a renewal of judgment per the Court's Order on May

21  20, 2022.  ECF No. 1265.

22          **B.      Motion to Vacate Bustamante & Gagliasso's Renewal of Judgment**

23      Defendant also moves to vacate or modify Bustamante's renewal of judgment, entered on

24  June 1, 2022.  ECF No. 1282, at 1 (objecting to Renewal of Judgment at ECF No. 1271).

25  Defendant primarily takes issue with Bustamante's claimed interest on the renewed judgment.

26      Bustamante's application for renewal of judgment sought $393,468.29 in total judgment

27  and $1,612,000.37 in post-judgment interest.  ECF No. 1236.  Based on the parties' submissions,

28  Case No.: 5:04-cv-03946-EJD

1  it appears that Bustamante calculated the interest amount based on the following language from

2  the 3/31/15 Order: "Plaintiffs request a *weekly interest of 0.354 percent*.  Defendants do not

3  oppose the post-judgment interest, thus it is approved."  3/31/15 Order 11 (emphasis added).

4  Bustamante (and Plaintiff) contend that, by approving a "weekly interest of 0.354 percent," the

5  Court effectively approved an annualized interest rate of 18.408%—calculated by multiplying

6  0.354% by 52 for each week in the year—instead of approving the actual federal rate provided by

7  § 1961, which was to use 0.354% as the "weekly *average* 1-year constant maturity Treasury

8  yield."  ECF No. 1289, at 4–5; 28 U.S.C. § 1961(a) (emphasis added).  Defendant responds that

9  Bustamante had misunderstood the 0.354% figure as a weekly interest rate, as opposed to an

10  annualized interest rate, and submits that he only learned of Bustamante's misconception when it

11  revealed its interest calculation for its renewal of judgment.  ECF No. 1291, at 1–2.

### 1.    Construction of 3/31/15 Order

13          The Court begins with 28 U.S.C. § 1961, the statute setting forth the default federal rate for

14  post-judgment interest.  Specifically, Section 1961 of Title 28 provides:

15          [I]nterest *shall* be calculated from the date of the entry of the judgment, at a rate equal
16          to the *weekly average 1-year constant maturity Treasury yield* . . . for the calendar
          week preceding[] the date of the judgment.

17  28 U.S.C. § 1961(a) (emphasis added).  Per Plaintiffs' original motion for attorneys' fees,

18  "[l]ooking at the calendar week preceding the Fee Order, which is February 4, 2010, the weekly

19  average is 0.354%."  ECF No. 1050, at 25.  Defendant did not dispute or challenge the weekly

20  average figure in his opposition.  *See generally* ECF No. 1064.  Accordingly, the Court approved

21  Plaintiffs' interest rate representation, citing to 28 U.S.C. § 1961's mandate.  3/31/15 Order 11.

22          Given the representations Plaintiffs had made in their attorneys' fees motion, repeated

23  citations to 28 U.S.C. § 1961, and the language used in the 3/31/15 Order, the Court does not find

24  that its prior Order can reasonably be construed as foregoing the federal § 1961 rate and approving

25  instead an annualized interest rate of 18.408%.  Such a rate would not only directly contravene the

26  directives of § 1961, but it would also be usurious under the California Constitution.  *See* Cal.

27  Const. art. XV, § 1 ("The rate of interest upon a judgment rendered in any court of this state shall

28  Case No.: 5:04-cv-03946-EJD
ORDER ON DEF.'S MOTIONS TO VACATE OR MODIFY RENEWALS OF JUDGMENT

1   be set by the Legislature at not more than 10 percent per annum."); *cf. Catjen, LLC v. Hunter Mill*

2   *W., L.C.*, 2021 WL 2843856, at \*3 (4th Cir. July 8, 2021) (recognizing that although "§ 1961

3   provides a standard rate of post-judgment interest, the parties are free to stipulate a different rate,

4   *consistent with state usury* and other applicable laws") (emphasis added).

5           In short, the Court finds that the 3/31/15 Order cannot be reasonably interpreted as

6   evincing an intent to award 18.408% annualized post-judgment interest (notwithstanding the

7   Court's mistaken reference to Plaintiff's "weekly interest of 0.354 percent").  Moreover, it is

8   unclear whether the Court may even do so under § 1961 and California usury laws.

9                       **2.       Rule 60(a) Correction**

10          Although the Court believes that its intent was clear in the 3/31/15 Order, the Court will

11  nonetheless invoke its *sua sponte* authority under Federal Rule of Civil Procedure 60(a) to

12  "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found

13  in a judgment." Fed. R. Civ. P. 60(a); *see also Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir.

14  2012) ("Rule 60(a) allows for clarification and explanation, consistent with the intent of the

15  original judgment, *even in the absence of ambiguity*, if necessary for enforcement.") (emphasis

16  added).  Specifically, the Court will correct the misstatement at page 11, lines 14–15, of the

17  3/31/15 Order ("Here, Plaintiffs request a weekly interest of 0.354 percent.") to instead read:

18  "**Here, Plaintiffs request the weekly average 1-year constant maturity Treasury yield of**

19  **0.354 percent**."  This correction conforms the 3/31/15 Order's language with the Court's

20  contemporaneous intent to impose an interest rate that is consistent with Plaintiffs' representations

21  in their attorneys' fee motion and the language of 28 U.S.C. § 1961.

22          Both Plaintiff and Bustamante petition strenuously for their stilted reading of the 3/31/15

23  Order that would impose a usurious interest rate and award them several millions of dollars in

24  interest.  ECF Nos. 1272, 1286, 1289.  Both Plaintiff and Bustamante also assert that the Court has

25  no occasion to revise its prior order under the "law of the case" doctrine, lapsing of the time to

26  appeal, or lapsing of the time to amend judgments under Rule 60.  However, the Court here does

27  not intend to revisit any prior reasoning or calculations, nor does it acknowledge any factual or

28  Case No.: 5:04-cv-03946-EJD
    ORDER ON DEF.'S MOTIONS TO VACATE OR MODIFY RENEWALS OF JUDGMENT

United States District Court
Northern District of California

legal errors in its award of post-judgment interest.  The Court is merely correcting the prior order to "more clearly reflect [its] contemporaneous intent and ensure that the court's purpose is fully implemented," which Rule 60(a) permits the Court to do *whenever* a clerical mistake, an oversight, or an omission is found in a judgment.[2]  *Garamendi*, 683 F.3d at 1078 (quoting 12 James W. Moore, *Moore's Federal Practice* § 60.11[1][c] (2011)); Fed. R. Civ. P. 60(a).

Here, the Court's contemporaneous intent in issuing the 3/31/15 Order was to approve a post-judgment interest rate consistent with Plaintiff's unopposed representation of the "weekly average 1-year constant maturity Treasury yield" and the language of 28 U.S.C. § 1961—it has *never* expressed nor suggested any intent to impose the usurious interest rate Plaintiff and Bustamante now advance.  To the extent the 3/31/15 Order could be construed otherwise, the Court recognizes that the prior choice of words may have lacked some clarity in communicating its intentions, but the present correction is certainly not an instance "where the court changes its mind."  *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987) (distinguishing "clerical mistakes" from "mistakes that cannot be corrected pursuant to Rule 60(a)").  This is precisely the circumstance contemplated by Rule 60(a) whereby a court may correct "mistakes arising from oversight or omission."  *See, e.g.*, *id.* at 1577 ("Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record.").  In short, the Court maintains and invokes its authority under Rule 60(a) to correct the 3/31/15 Order to reflect and effectuate its original intentions.

* * *

In light of its clarification above, the Court finds that the total amount claimed in Bustamante's renewal of judgment is incorrect.  Although Bustamante's judgment amount is correct and undisputed by Defendant, the claimed interest reflects an erroneous 18.408% rate unsupported by the Court's prior orders.  ECF No. 1271.  Pursuant to Cal. Civ. Proc. Code §

---

[2] The Court, however, finds that Defendant's attempt to argue that the correct interest rate was 0.345% instead of 0.354% (ECF No. 1289, at 5; ECF No. 1276 ("Dolan Decl.") ¶ 3) *is* an attempt to relitigate a previously unopposed factual issue, which the Court may not entertain under Federal Rule of Civil Procedure 60(a).

Case No.: 5:04-cv-03946-EJD
ORDER ON DEF.'S MOTIONS TO VACATE OR MODIFY RENEWALS OF JUDGMENT

1    683.170, the Court VACATES the amount of post-judgment interest in Bustamante's renewal.

2         The Court further finds that the correct rate of interest is 0.354%, accruing from March 31,

3    2015 to June 14, 2022.  However, because neither party has presented the Court with an interest

4    calculation applying the 0.354% annual rate, the Court DIRECTS Bustamante and Defendant to

5    submit a joint statement that provides the correct calculation of post-judgment interest in

6    accordance with the Court's 3/31/15 Order, as corrected and clarified above.  The joint statement

7    SHALL be filed with the Court no later than fourteen (14) days after the entry of this Order.  Upon

8    receipt of the parties' joint submission, the Court will enter the correct amount of post-judgment

9    interest as a renewal of judgment pursuant to Cal. Civ. Proc. Code § 683.170(c).

10   **III.    CONCLUSION**

11        Based on the foregoing, the Court DENIES WITHOUT PREJUDICE Defendant's Motion

12   to Vacate or Modify Plaintiff's Application for and Renewal of Judgment (ECF No. 1267) and

13   GRANTS IN PART Defendant's Motion to Vacate or Modify Bustamante & Gagliasso's Renewal

14   of Judgment (ECF No. 1282).  The Renewal of Judgment entered on June 1, 2022, is VACATED

15   IN PART, subject to the parties' joint submission of the correct post-judgment calculation

16   consistent with the Court's instructions in this Order.

17        Additionally, the Court CORRECTS the 3/31/15 Order pursuant to Federal Rule of Civil

18   Procedure 60(a).  The sentence, "Here, Plaintiffs request a **weekly interest** of 0.354 percent," at

19   page 11, lines 14–15, is CORRECTED to read, "Here, Plaintiffs request **the weekly average 1-**

20   **year constant maturity Treasury yield** of 0.354 percent."

21        **IT IS SO ORDERED.**

22   Dated: September 12, 2023

23

24                                        EDWARD J. DAVILA
                                         United States District Judge
25

26

27

28   Case No.: 5:04-cv-03946-EJD
     ORDER ON DEF.'S MOTIONS TO VACATE OR MODIFY RENEWALS OF JUDGMENT
                                         8

United States District Court
Northern District of California